**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee on behalf of PAINTER'S DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, PAINTER'S and, NORTHERN ILLINOIS PAINTERS, DECORATORS AND DRYWALL FINISHERS JOINT APPRENTICESHIP AND TRAINING FUND; DONALD STEADMAN Trustee on behalf of the NORTHERN ILLINOIS PAINTING AND DRYWALL INSTITUTE; and the DISTRICT COUNCIL NO. 30 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, a labor organization,<br><br>   Plaintiffs,<br><br>v.<br><br>JJ INTERIOR SPECIALTIES, INC. and NORWOOD COMMERCIAL CONTRACTORS, INC.<br><br>   Defendants. | Case No:  08 CV 1934<br><br>Judge St. Eve<br><br>Magistrate Judge Denlow |

**ANSWER TO COMPLAINT**

Norwood Commercial Contractors, Inc. and JJ Interiors Specialties, Inc., by and through its attorneys, Walter J. Liszka and Sean F. Darke of WESSELS & PAUTSCH, P.C., and for its Answers and Defenses to the Plaintiffs' Complaint, states as follows:

**JURISDICTION AND VENUE**

1.  This is an action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), to collect delinquent employee

benefit fund contributions and union dues and assessments disclosed by the audit, and for injunctive relief.

**ANSWER:** Defendants admit that Plaintiffs purport to bring an action in accordance with Section 502 of the Employee Retirement Income Security Act 29 U.S.C. § 1132(a)(3), and Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, however, Defendants deny the remaining allegation in Paragraph 1 of Plaintiffs' Complaint.

2.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. §§ 185(c) and 1132(e)(1).

**ANSWER:**    Defendants admit.

3.      Venue in this Court is conferred by to 29 U.S.C. §§ 185(c) and 1132(e)(1) because the Funds are administered in this judicial district, and the Union and Defendant transact business in this judicial district.

**ANSWER:**    Defendants admit.

## PARTIES

4.      The Painter's District Council No. 30 Health and Welfare Fund ("Health and Welfare Fund"), the Painter's District Council No. 30 Pension Fund ("Pension Fund"), the Northern Illinois Painters, Decorators and Drywall Finishers Joint Apprenticeship and Training Funds ("Apprenticeship Fund"), and the Northern Illinois Painting and Drywall Institute ("NIPDI") (collectively "Funds") are employee benefit trusts and/or plans within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 4.

5.    Plaintiff Charles E. Anderson is a fiduciary and trustee of the Health and Welfare Fund, the Pension Fund, and the Apprenticeship Fund.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 5.

6.    Plaintiff Donald Steadman is a fiduciary and trustee of NIPDI.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 6.

7.    ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a fiduciary of an employee benefit plan is authorized to commence a civil action to enforce the obligations that ERISA imposes upon employers.

**ANSWER:**    Defendants admit.

8.    Plaintiff Painters District Council No. 30 of the International Union of Painters and Allied Trades, AFL-CIO ("Union"), is a labor organization representing employees in an industry affecting commerce, as defined by LMRA § 301(a), 29 U.S.C. § 185(b). The Union is entitled to collect dues and defense fund assessments owed to it, and contribution owed to the Painters and Allied Trades Labor Management Cooperation Initiative ("P&AT LMCI") f/k/a the International Brotherhood of Painters and Allied Trades Labor Management Fund, from

3

Defendants on behalf of employees covered by one or more collective bargaining agreements ("CBAs").

**ANSWER:**    Defendants admit that Plaintiffs are a labor organization as defined by the Labor Management Relations Act, but Defendants deny the remaining allegations contained in Paragraph 8.

9.    Defendant, JJ Interior Specialties, Inc. ("JJ"), is an Illinois corporation with its principal place of business in the State of Illinois.  JJ is and at all times relevant has been engaged in business within this judicial district in an industry affecting commerce, as defined by LMRA § 301(a), U.S.C. § 185(a), and al all relevant times has been an "employer" as defined by ERISA § 3(5), 29 U.S.C. § 1002(5).

**ANSWER:**    Defendants admit.

10.    Defendant, Norwood Commercial Contractors, Inc. ("Norwood") is an Illinois corporation with its principal place of business in the State of Illinois.  Norwood is and at all relevant times has been engaged in business within this judicial district in an industry affecting commerce, as defined by LMRA § 301(a), U.S.C. § 185(a), and at all relevant times has been an "employer" as defined by ERISA § 3(5), 29 U.S.C. § 1002(5).

**ANSWER:**    Defendants admit.

## SPECIFIC ALLEGATIONS

11.    The Funds are third-party beneficiaries of CBAs between the Union and either the Northeast Illinois Chapter of Painting and Decorating Contractors of America ("Association") or

individual employers. The CBAs require employers to pay contributions to the Funds for work performed by covered employees and to check off and remit dues and defense fund assessments to the Union for those employees.

**ANSWER:**    Defendants admit.

12.    At all material time JJ was a party to a series of CBAs with the Union.

**ANSWER:**    Defendant, Norwood Commercial Contractors, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 12. Defendant, JJ Interiors Specialties, Inc. admits that it discussed entering into an agreement with a painters union, but is without knowledge or information sufficient to form a belief as to the truth of the averments regarding being a party to a series of CBAs with the Union and whether the agreement was fully executed.

13.    Pursuant to the CBAs, JJ agreed to contribute to the Funds for each hour or portion thereof worked by employees covered by the CBAs, and to check off and remit dues and defense fund assessments to the Union for bargaining-unit employees.

**ANSWER:** Defendant, Norwood Commercial Contractors, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 13. Defendant, JJ Interiors Specialties, Inc. admits that it may have entered into a CBA that would require them to contribute to the Funds as alleged in Paragraph 13 and further states that if an agreement was reached, any and all contributions were paid in accordance with the terms of the CBA.

14.     JJ agreed to adopt and be bound by the provisions of the Funds' Trust Agreements ("Trust Agreements") and the rules and regulations promulgated by the Funds' Trustees under the Trust Agreements.    The Trust Agreements require JJ to pay continuing and prompt contributions to the Funds for work performed by covered employees in accordance with the applicable CBAs.

**ANSWER:** Defendant, Norwood Commercial Contractors, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 14. Defendant, JJ Interiors Specialties, Inc. admits that any CBA it entered into with Plaintiffs would be governed by the rules and regulations provided in the Trust Agreement and JJ further admits that if such an agreement was reached with Plaintiffs, it paid Plaintiffs each and every contribution due and owing to any individual covered under that agreement.

15.     Norwood and JJ operate as a single integrated enterprise in that both entities have common ownership and financial control, common management, interrelation of operations and exercise common control of labor relations.

**ANSWER:**    Defendants deny.

16.     Norwood operates as the alter-ego of JJ in that there is substantially identical management, business purpose, operation, equipment, customers and supervision of employees. The purpose for the creation of Norwood was so that JJ could evade its responsibilities under ERISA.

**ANSWER:**    Defendants deny.

17.    Participating employers are required to advise Plaintiffs monthly of the identity of the employees for whom contributions, dues an assessments are owed, identify each hour or portion thereof worked by and gross wages paid to those employees, and remit the amounts owed to the Funds and the Union for those employees.

**ANSWER:**    Defendant, Norwood Commercial Contractors, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 17. Defendant, JJ Interiors admit the allegations in Paragraph 17.


18.    The CBAs and the Trust Agreements require participating employers to provide the Funds and Union with access to their books and records and those of their affiliated or related companies upon demand, so Plaintiffs can audit the employers' records and verify the accuracy and completeness of the hours worked by and gross wages paid to covered employees reported to the Funds and Union, and the corresponding contributions, dues, and assessments paid to the Funds and Union.

**ANSWER:**    Defendant, Norwood Commercial Contractors is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 18. Defendant, JJ Interiors admits the allegations in Paragraph 18.


19.    On or about February 29, 2008, Plaintiffs' finalized their audits of JJ for the period of January 1, 2003 through December 31, 2006. The audit disclosed delinquencies of $50,886.92 (exclusive of interest, liquidated damages, fees and costs).

**ANSWER:**    Defendant, Norwood Commercial Contractors, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph

19. Defendant, JJ Interiors denies the allegations that the Painters performed an audit on its records as alleged in Paragraph 19.

20.    In the course of performing the audit, Plaintiffs requested the records relating to Norwood. Norwood refused to produce its records. In addition, although JJ produced records for Abel Mariscal, a bargaining unit employee, Norwood refused to produce to Plaintiffs Mariscal's W-2 for 2006.

**ANSWER:**    Defendant, Norwood Commercial Contractors, Inc. denies that Plaintiffs asked to review its records, and are further without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20. Defendant, JJ Interiors also denies the allegations that the Painters performed an audit on its records as alleged in Paragraph 20.

21.    The audit report reveals that Defendants breached the provisions of the CBAs, the Trust Agreements, ERISA, and the LMRA, by failing to report hours worked by and gross wages paid to its employees, and by failing to pay the contributions, due and assessments owed for those employees, to the Funds and the Union for the period of January 1, 2003 through December 31, 2006.

**ANSWER:**    Defendants deny.

22.    Pursuant to the CBAs, the Trust Agreements and ERISA §§ 502(g)(2) and 515, 29 U.S.C. §§ 1132(g)(2) and 1145, the Funds are entitled to contributions, interest, the greater of interest or liquidated damages, audit costs, and attorney fees and costs.

**ANSWER:**    Defendants deny.

23.    Pursuant to the CBAs and LMRA § 301(a), 29 U.S.C. § 185(a), the Union is entitled to collect dues, assessments, and contributions.   The CBA provides that delinquent contributions shall be assessed interest, liquidated damages, and attorneys' fees and costs as established by the Funds' Trustees.

**ANSWER:**    Defendants deny.

Defendant Norwood Commercial Contractors, Inc. and JJ Interiors Specialties, Inc. and as for its defenses to Plaintiffs' Complaint, incorporates its answers to the foregoing averments of said Complaint as if such answers were set forth in full here, and asserts further:

## DEFENSES

1.    As and for its First Defense, Defendants assert that Norwood Commercial Contractors, Inc. and JJ Interior Specialties, Inc. are two legally distinct entities, incorporated under the Laws of the State of Illinois.

2.    As and for its Second Defense, Defendant, Norwood Commercial Contractors, Inc. asserts that it is not a signatory to the Collective Bargaining Agreement or Trust Agreement, and therefore has no obligations under any such agreement.

3.    As and for its Third Defense, Norwood Commercial Contractors asserts that they do not perform bargaining unit work under the Collective Bargaining Agreement and Trust Agreement.

4.    As and for its Fourth Defense, Defendants assert that they are not a successor, joint employer, or alter ego of one another.

5.    As and for its Fifth Defense, Defendants assert that Plaintiffs fail to state a claim for which relief can be granted.

6.    As and for its Sixth Defense, Defendants assert that it has paid any and all contributions for all of its employees who are covered under a Collective Bargaining Agreement.

7.    As and for its Seventh Defense, Defendants assert that if any past due contributions exist, they were already paid and then collected by the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE and TRAINEE PROGRAM FUND, and Their Trustees and any judgment should be held against the Chicago Regional Council of Carpenters Pension Fund, et al.

8.    As and for its Eighth Defense, Defendants assert that any Collective Bargaining Agreement that JJ Interiors Specialties entered into has been satisfied each and every contribution that their employees were entitled to were paid in a timely matter.

9.    As and for its Ninth Defense, Defendants assert estoppel based on the fact the employee that is named in the complaint received contributions for his work through the carpenters union for all hours worked and all contributions were paid.

10.    As and for its Tenth Defense, Defendants assert that any Collective Bargaining Agreement entered into by is invalid, since a Collective Bargaining Agreement must be entered into by more than one individual.

11.    As and for its Eleventh Defense, Defendants never intended to avoid any and all

obligations under any collective bargaining agreement.

WHEREFORE, for the foregoing reasons, Defendant, Norwood Commercial Contractors,

Inc., and JJ Interiors Specialties, Inc. respectfully request that this Court dismiss Plaintiffs

Complaint and award to Defendants its costs and any other relief that is just and equitable, as this

Court deems appropriate.

Respectfully submitted,

**NORWOODCOMMERCIAL
CONTRACTORS, INC. AND
JJ INTERIORS SPECIALTIES, INC.**

By:   s/ Sean F. Darke
            Sean F. Darke

Walter J. Liszka (ARDC #1675656)
Sean F. Darke (ARDC #6285312)
Wessels & Pautsch, P.C.
33 West Monroe Street, Suite 1120
Chicago, Illinois 60603
(312) 629-9300 (Telephone)
(312) 629-9301 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES E. ANDERSON, Trustee on behalf of PAINTER'S DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, PAINTER'S and, NORTHERN ILLINOIS PAINTERS, DECORATORS AND DRYWALL FINISHERS JOINT APPRENTICESHIP AND TRAINING FUND; DONALD STEADMAN Trustee on behalf of the NORTHERN ILLINOIS PAINTING AND DRYWALL INSTITUTE; and the DISTRICT COUNCIL NO. 30 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, a labor organization, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No:    08 CV 1934<br><br>Judge St. Eve<br><br>Magistrate Judge Denlow |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| JJ INTERIOR SPECIALTIES, INC. and NORWOOD COMMERCIAL CONTRACTORS, INC. | ) ) ) ) | |
| Defendants. | ) ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 28th day of April 2008, he served a true and correct copy of **ANSWER TO COMPLAINT** to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing upon the following individual(s):

Marisel A. Hernandez
Mark Garrett Hohimer
William Walter Leathem
Jacobs, Burns, Orlvoe, Stanton & Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, Illinois 60603

_____ s/ Sean F. Darke _____
Sean F. Darke