### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee on behalf of PAINTER'S DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, PAINTER'S and, NORTHERN ILLINOIS PAINTERS, DECORATORS AND DRYWALL FINISHERS JOINT APPRENTICESHIP AND TRAINING FUND; DONALD STEADMAN Trustee on behalf of the NORTHERN ILLINOIS PAINTING AND DRYWALL INSTITUTE; and the DISTRICT COUNCIL NO. 30 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, a labor organization, | Case No: 08 CV 1934 <br><br> Judge St. Eve <br><br> Magistrate Judge Denlow |

Plaintiffs,

v.

JJ INTERIOR SPECIALTIES, INC. and
NORWOOD COMMERCIAL
CONTRACTORS, INC.

Defendants
Third-Party Plaintiffs,

v.

CHICAGO REGIONAL COUNCIL OF
CARPENTERS PENSION FUND,
CHICAGO REGIONAL COUNCIL OF
CARPENTERS WELFARE FUND, the
CHICAGO REGIONAL COUNCIL OF
CARPENTERS APPRENTICE and TRAINEE
PROGRAM FUND, and Their Trustees,

Third-Party Defendants.

---

## THIRD-PARTY COMPLAINT

---

NORWOOD COMMERCIAL CONTRACTORS, INC. AND JJ INTERIOR

SPECIALTIES, INC., ("Third-Party Plaintiffs") by and through their attorneys, Walter J. Liszka

and Sean F. Darke, of WESSELS & PAUTSCH, P.C., file this third-party complaint against CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE and TRAINEE PROGRAM FUND, and Their Trustees ("Third-Party Defendants"), states as follows:

## Jurisdiction

1. This is an action in accordance with Fed. R. Civil P. 14, to add Third-Party Defendants to this cause of action and this court also has personal jurisdiction regarding the Third-Party Defendants because the Third-Party Defendants are located in this judicial district and within 100 mile from where the summons is issued.  This court has subject matter jurisdiction in accordance with 29 U.S.C. §§ 185(c) and 1132(e)(1).

## Parties and Specific Allegations

2. On March 2, 2006, Third-Party Defendants filed a complaint against Norwood Commercial Contractors and JJ Interiors Specialties in the United States District Court for the Northern District of Illinois, Eastern Division, captioned <u>Chicago Regional Council of Carpenters Pension Fund, Chicago Regional Council of Carpenters Welfare Fund, the Chicago Regional Council of Carpenters Apprentice, and Trainee Program Fund, and, and Their Trustees v. Norwood Commercial Contractors, Inc. and JJ Interiors Specialties, Inc.</u>, Case No. 06 C 1145, ("Third-Party Defendants Complaint"), alleging violations in accordance with Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185) and that Norwood Commercial Contractors and JJ Interiors Specialties are the alter ego of each other. *See* Third-Party Defendants' Complaint attached here as Exhibit 1.

3.  The Third-Party Defendants' Complaint sought an order from the court to complete an audit of both Norwood Commercial and JJ Interiors records to determine if any employees were owed past due contributions.  After the entry of a protective order, the Third-Party Defendants completed an audit of Norwood Commercial Contractors' financial records and provided its results ("Third-Party Defendants' Audit").

4.  The Plaintiffs' complaint also seeks an order regarding completing an audit of Norwood Commercial Contractors financial records for the same time period and the same jobs that were previously audited by the Third-Party Defendants.

5.  On November 20, 2007, the Third-Party Plaintiffs and the Third-Party Defendants entered into a settlement agreement to resolve the Third-Party Defendants' Complaint, Case No. 06 C 1145,  regarding any and all alleged past due contributions for the hours worked by both Norwood and JJ Interior employees, which was fully executed on December 7, 2007.  *See* Judge Denlow's Order of November 29, 2007 as Exhibit 2. (Due to its confidential nature, the settlement agreement has not been provided as a part of Exhibit 2.)

6.  On April 4, 2008, Plaintiffs filed a complaint against Norwood Commercial Contractors and JJ Interior Specialties, Inc. alleging violations in accordance with Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), and to collect delinquent employee benefit fund contributions and union dues and assessments disclosed by the audit, and for injunctive relief, and further alleging that Norwood Commercial Contractors and JJ Interiors Specialties are the alter ego of each other.  *See* Plaintiffs' Complaint attached here as Exhibit 3.

7. Plaintiffs' cause of action against Norwood Commercial Contractors and JJ Interiors Specialties indicates alleged past due contributions owed to an employee who performed bargaining unit work, specifically Mr. Abel Mariscal, who was also listed in the Third-Party Defendants audit. But, the individual that Plaintiffs are attempting to collect past due contributions was included in the audit first conducted by the Third-Party Defendants. *See* Third-Party Defendant's audit attached as Exhibit 4. The Plaintiffs are attempting to collect past due contributions for the same time period and jobs that the Third-Party Defendants already collected and/or settled.

8. The audit completed by the Third-Party Defendants includes all hours worked by Mr. Abel Mariscal and further the Carpenters Fund was provided any and all past contributions allegedly due to Mr. Abel Mariscal for those hours worked. As such, the Third-Party Defendants may be liable for any and all payments regarding past due contributions.

9. If Mr. Abel Mariscal was performing bargaining unit work for the Plaintiffs and not performing bargaining unit work for the Third-Party Defendants, any and all contributions paid by Norwood Commercial Contractors and JJ Interiors Specialties on behalf of Mr. Mariscal to the Third-Party Defendants should be reimbursed by the Third-Party Defendants.

Third-Party Plaintiffs request this court to add CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE and TRAINEE PROGRAM FUND, and Their Trustees to this cause of action, since the Third-Party Plaintiffs settled any and all past due contributions on behalf of Mr. Abel Mariscal and any alleged payment for the contributions should be paid by the Third-Party Defendants, Third-Party Plaintiffs request that if found liable, this court enter any judgment against the Third-Party

Defendants in favor of the Plaintiff. The Third-Party Plaintiffs request any and all additional relief that this court may deem just and equitable.

Respectfully submitted,

**NORWOOD COMMERCIAL CONTRACTORS, INC. AND JJ INTERIORS SPECIALTIES, INC.**

By:   s/ Sean F. Darke
       Sean F. Darke

Walter J. Liszka (ARDC #1675656)
Sean F. Darke (ARDC #6285312)
Wessels & Pautsch, P.C.
33 West Monroe Street, Suite 1120
Chicago, Illinois 60603
(312) 629-9300 (Telephone)
(312) 629-9301 (Facsimile)

**ATTORNEYS FOR THIRD-PARTY PLAINTIFFS**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee on behalf of PAINTER'S DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, PAINTER'S and, NORTHERN ILLINOIS PAINTERS, DECORATORS AND DRYWALL FINISHERS JOINT APPRENTICESHIP AND TRAINING FUND; DONALD STEADMAN Trustee on behalf of the NORTHERN ILLINOIS PAINTING AND DRYWALL INSTITUTE; and the DISTRICT COUNCIL NO. 30 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, a labor organization, ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) | Case No:  08 CV 1934 |
| v. ) | Judge St. Eve |
| JJ INTERIOR SPECIALTIES, INC. and NORWOOD COMMERCIAL CONTRACTORS, INC. ) ) ) ) | Magistrate Judge Denlow |
| Defendants Third-Party Plaintiff ) ) ) | |
| v. ) ) ) | |
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE and TRAINEE PROGRAM FUND, and Their Trustees, ) ) ) ) ) ) ) ) | |
| Third-Party Defendant. ) ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29th day of April 2008, he served a true and correct copy of **THIRD-PARTY COMPLAINT** to the Clerk of the Court for filing and

uploading to the CM/ECF system which will send notification of such filing upon the following individual(s):

> Marisel A. Hernandez
> Mark Garrett Hohimer
> William Walter Leathem
> Jacobs, Burns, Orlvoe, Stanton & Hernandez
> 122 S. Michigan Avenue, Suite 1720
> Chicago, Illinois 60603

s/ Sean F. Darke
Sean F. Darke

*FILED*

IN THE UNITED STATES DISTRICT COURT *IN*
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAR 0 2 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CHICAGO REGIONAL COUNCIL OF          )
CARPENTERS PENSION FUND, CHICAGO     )
REGIONAL COUNCIL OF CARPENTERS       )
WELFARE FUND, the CHICAGO REGIONAL   )
COUNCIL OF CARPENTERS APPRENTICE and
TRAINEE PROGRAM FUND, and Their Trustees,

**06cv1145**
**JUDGE LEINENWEBER**
**MAG. DENLOW**

        Plaintiffs,

  v.                                )
                      )
JJ INTERIOR SPECIALTIES, INC., and NORWOOD )
COMMERCIAL CONTRACTORS, INC.,        )
                      )
        Defendants.      )

### COMPLAINT

    Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION

FUND, et al., by their attorney, Raymond J. Sanguinetti, complains of the Defendants,

JJ INTERIOR SPECIALTIES, INC., ("JJ"), and NORWOOD COMMERCIAL

CONTRACTORS , INC., ("NORWOOD"), as follows:

### Alter-Ego Audit Refusal
### (JJ INTERIOR SPECIALTIES, INC. and NORWOOD COMMERCIAL
### CONTRACTORS, INC)

    1.    This action arises under Section 502 of the Employee Retirement Income

Security Act and Section 301 of the Taft-Hartley Act.  (29 U.S.C. §§1132 and 185).

Jurisdiction is founded on the existence of questions arising thereunder.

    2.    The CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION

FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and



**EXHIBIT**
**1**

the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO REGIONAL COUNCIL OF CARPENTERS, successor of the CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, ("Union"), and therefore, are multiemployer plans.    (29 U.S.C. §1002).    The Trust Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3.    JJ is an employer engaged in an industry affecting commerce which entered into an Agreement with the Carpenters Union whereby it agreed to be bound by a Collective Bargaining Agreement or Agreements whose terms require Defendant to pay fringe benefits to the Trust Funds.

4.    The Agreement and the Collective Bargaining Agreements also bind the JJ to the provisions of the Agreement and Declarations of Trust which created the Trust Funds ("Trust Agreements").

5.    JJ is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements.  In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

6.    Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, JJ is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

2

7.    The Trust Funds sought to conduct an audit of JJ's books and records for the period of January 2003 through June 2005, but were only able to complete a preliminary audit of the books and records when the auditors discovered a possible related company NORWOOD. A request was made to review the books and records of NORWOOD for the same time period, but the request was denied.

8.    That NORWOOD is related to JJ and performs bargaining unit work.

9.    That NORWOOD is a disguised continuance of JJ and/or participated with JJ in avoiding its Trust Fund obligations.

10.    That NORWOOD is the alter ego of JJ or is bound to the Collective Bargaining Agreement under a single or joint employer theory. As such, plaintiffs are entitled to compliance from NORWOOD to the terms of the Collective Bargaining Agreement and Trust Agreements.

11.    The Defendants breached the provisions of the Collective Bargaining Agreement by failing to allow Plaintiffs to complete an audit of Defendant's books and records for the period January 2003 through June 2005 after demand for audit was made upon Defendants.

12.    Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, the Defendants are required to pay liquidated damages, auditor fees and all attorney fees and court costs incurred by the Trust Funds in the collection process.

13.    Plaintiffs have complied with all conditions precedent in bringing this suit.

14.    Plaintiffs have been required to employ the undersigned attorneys to compel the audit of the Defendant's books and records and collect the monies that may be found to be due and owing.

15.    Defendant is obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

16.    Pursuant to 29 U.S.C. §1132(g)(2)(B), Plaintiffs are entitled to an amount equal to the greater of:

      (a)    double interest; or

      (b)    interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:

A.    That the Defendant, NORWOOD COMMERCIAL CONSTRUCTION, INC., be required to provide access to its records within three (3) days for the period of January 2003 through June 2005 so that the audit can be completed.

B.    That the Court finds that the Defendants, NORWOOD COMMERCIAL CONSTRUCTION, INC., be held jointly and severally liable as an alter-ego entity with JJ INTERIORS SPECIALTIES, INC. and as such, be required to pay all contributions shown to be owed after the completion of the audit.

C.    That the Defendants, JJ INTERIORS SPECIALTIES, INC. and NORWOOD COMMERCIAL CONSTRUCTION, INC., be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B).

D.    That the Defendants, JJ INTERIORS SPECIALTIES, INC. and NORWOOD COMMERCIAL CONSTRUCTION, INC., be ordered to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(C).

E.    That the Defendants, JJ INTERIORS SPECIALTIES, INC. and NORWOOD COMMERCIAL CONSTRUCTION, INC., be ordered to pay the reasonable attorney fees and costs incurred by the Plaintiffs. 29 U.S.C. §1132.

F.    That Plaintiffs have such other and further relief as by the Court
       may be deemed just and equitable all at the Defendants' cost.

CHICAGO REGIONAL COUNCIL OF
CARPENTERS PENSION FUND, et al.

By: _____
        RAYMOND J. SANGUINETTI

Attorney for Plaintiff
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 251-9700

5

Order Form (01/2005)      Case 1:06-cv-01145     Document 83     Filed 11/29/2007     Page 1 of 1

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Morton Denlow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 1145 | **DATE** | 11/29/2007 |
| **CASE TITLE** | Chicago Regional Counsel of Carpenters PenFd, et al vs. JJ Interior Specialties | | |

**DOCKET ENTRY TEXT**

Status hearing held. The parties hereby agree that this case has been settled and that all issues and controversies have been resolved to their mutual satisfaction. It is hereby order: 1. This case is dismissed without prejudice. 2. Plaintiff may file a motion to reinstate, a motion to enforce the parties' settlement agreement, or a motion for additional time to file a motion to reinstate or a motion to enforce the settlement agreement on or before 1/3/2008. 3. In the event no motion listed in paragraph 2 is filed on or before 1/3/2008, the case shall be dismissed with prejudice on the next business day without further order of the Court. 4. Each party shall bear its own attorney's fees and costs. Civil case terminated.

Notices mailed by Judicial staff.

00:01

| | Courtroom Deputy Initials: | IS |
|---|---|---|

06C1145 Chicago Regional Counsel of Carpenters PenFd, et al vs. JJ Interior Specialties



EXHIBIT
2

Page 1 of 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CHARLES E. ANDERSON, Trustee on behalf of )
PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH )
AND WELFARE FUND, PAINTERS' DISTRICT )
COUNCIL NO. 30 PENSION FUND, and NORTHERN )
ILLINOIS PAINTERS, DECORATORS AND )
DRYWALL FINISHERS JOINT APPRENTICESHIP )
AND TRAINING FUND; DONALD STEADMAN )
Trustee on behalf of the NORTHERN ILLINOIS )
PAINTING AND DRYWALL INSTITUTE; and )
the DISTRICT COUNCIL NO. 30 OF THE )
INTERNATIONAL UNION OF PAINTERS )
AND ALLIED TRADES, AFL-CIO, a labor organization, )
                                                )
            Plaintiffs, )
             )
             )
     v. )
             )
JJ INTERIOR SPECIALTIES, INC., and )
NORWOOD COMMERCIAL CONTRACTORS, INC. )
             )
            Defendants. )

```
FILED: APRIL 4, 2008
08CV1934    RCC
JUDGE ST.EVE
MAGISTRATE JUDGE DENLOW
```

## COMPLAINT

### Jurisdiction and Venue

    1.    This is an action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), to collect delinquent employee benefit fund contributions and union dues and assessments disclosed by the audit, and for injunctive relief.

    2.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. §§ 185(c) and 1132(e)(1).



EXHIBIT
3

3.      Venue in this Court is conferred by 29 U.S.C. §§ 185(a) and 1132(e)(2), because the Funds are administered in this judicial district, and the Union and Defendant transact business in this judicial district.

**Parties**

4.      The Painters' District Council No. 30 Health and Welfare Fund ("Health and Welfare Fund"), the Painters' District Council No. 30 Pension Fund ("Pension Fund"), the Northern Illinois Painters, Decorators and Drywall Finishers Joint Apprenticeship and Training Funds ("Apprenticeship Fund"), and the Northern Illinois Painting and Drywall Institute ("NIPDI") (collectively "Funds") are employee benefit trusts and/or plans within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

5.      Plaintiff Charles E. Anderson is a fiduciary and trustee of the Health and Welfare Fund, the Pension Fund, and the Apprenticeship Fund.

6.      Plaintiff Donald Steadman is a fiduciary and trustee of NIPDI.

7.      ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a fiduciary of an employee benefit plan is authorized to commence a civil action to enforce the obligations that ERISA imposes upon employers.

8.      Plaintiff Painters District Council No. 30 of the International Union of Painters and Allied Trades, AFL-CIO ("Union"), is a labor organization representing employees in an industry affecting commerce, as defined by LMRA § 301(a), 29 U.S.C. § 185(b). The Union is entitled to collect dues and defense fund assessments owed to it, and contributions owed to the Painters and Allied Trades Labor Management Cooperation Initiative ("P&AT LMCI") f/k/a the International Brotherhood of Painters and Allied Trades Labor Management Fund, from

2

Defendants on behalf of employees covered by one or more collective bargaining agreements ("CBAs").

9.    Defendant, JJ Interior Specialties, Inc.. ("JJ"), is an Illinois corporation with its principal place of business in the State of Illinois.  JJ is and at all times relevant has been engaged in business within this judicial district in an industry affecting commerce, as defined by LMRA § 301(a), U.S.C. § 185(a), and at all relevant times has been an "employer" as defined by ERISA § 3(5), 29 U.S.C. § 1002(5).

10.    Defendant, Norwood Commercial Contractors, Inc. ("Norwood") is an Illinois corporation with its principal place of business in the State of Illinois.  Norwood is and at all times relevant has been engaged in business within this judicial district in an industry affecting commerce, as defined by LMRA § 301(a), U.S.C. § 185(a), and at all relevant times has been an "employer" as defined by ERISA § 3(5), 29 U.S.C. § 1002(5).

### Specific Allegations

11.    The Funds are third-party beneficiaries of CBAs between the Union and either the Northeast Illinois Chapter of the Painting and Decorating Contractors of America ("Association") or individual employers.  The CBAs require employers to pay contributions to the Funds for work performed by covered employees and to check off and remit dues and defense fund assessments to the Union for those employees.

12.    At all material time JJ was a party to a series of CBAs with the Union.

13.    Pursuant to the CBAs, JJ agreed to contribute to the Funds for each hour or portion thereof worked by employees covered by the CBAs, and to check off and remit dues and defense fund assessments to the Union for bargaining-unit employees.

3

Case 1:08-cv-01934    Document 1    Filed 04/04/2008    Page 4 of 6

14.     JJ agreed to adopt and be bound by the provisions of the Funds' Trust Agreements ("Trust Agreements") and the rules and regulations promulgated by the Funds' Trustees under the Trust Agreements. The Trust Agreements require JJ to pay continuing and prompt contributions to the Funds for work performed by covered employees in accordance with the applicable CBAs.

15.     Norwood and JJ operate as a single integrated enterprise in that both entities have common ownership and financial control, common management, interrelation of operations and exercise common control of labor relations.

16.     Norwood operates as the alter-ego of JJ in that there is substantially identical management, business purpose, operation, equipment, customers and supervision of employees. The purpose for the creation of Norwood was so that JJ could evade its responsibilities under ERISA.

17.     Participating employers are required to advise Plaintiffs monthly of the identity of the employees for whom contributions, dues and assessments are owed, identify each hour or portion thereof worked by and gross wages paid to those employees, and remit the amounts owed to the Funds and Union for those employees.

18.     The CBAs and the Trust Agreements require participating employers to provide the Funds and Union with access to their books and records and those of their affiliated or related companies upon demand, so Plaintiffs can audit the employers' records and verify the accuracy and completeness of the hours worked by and gross wages paid to covered employees reported to the Funds and Union, and the corresponding contributions, dues, and assessments paid to the Funds and Union.

4

Case 1:08-cv-01934    Document 1    Filed 04/04/2008    Page 5 of 6

19.    On or about February 29, 2008, Plaintiffs' finalized their audit of JJ for the period January 1, 2003 through December 31, 2006. The audit disclosed delinquencies of $50,886.92 (exclusive of interest, liquidated damages, fees and costs).

20.    In the course of performing the audit, Plaintiffs requested the records relating to Norwood. Norwood refused to produce its records. In addition, although JJ produced records for Abel Mariscal, a bargaining unit employee, Norwood refused to produce to Plaintiffs Mariscal's W-2 for 2006.

21.    The audit report reveals that Defendants breached the provisions of the CBAs, the Trust Agreements, ERISA, and the LMRA, by failing to report hours worked by and gross wages paid to its employees, and by failing to pay the contributions, dues, and assessments owed for those employees, to the Funds and Union for the period of January 1, 2003 through December 31, 2006.

22.    Pursuant to the CBAs, the Trust Agreements, and ERISA §§ 502(g)(2) and 515, 29 U.S.C. §§ 1132(g)(2) and 1145, the Funds are entitled to contributions, interest, the greater of interest or liquidated damages, audit costs, and attorneys fees and costs.

23.    Pursuant to the CBAs and LMRA § 301(a), 29 U.S.C. § 185(a), the Union is entitled to collect dues, assessments, and contributions. The CBA provides that delinquent contributions shall be assessed interest, liquidated damages, and attorneys' fees and costs as established by the Funds' Trustees.

**WHEREFORE,** Plaintiffs request the following relief:

(A)    A judgment in Plaintiffs' favor and against Defendants, jointly and severally, for:

   (i)    all the delinquencies at the interim contribution rates that are owed for the audit period, plus union dues and defense fund assessments;

     (ii)     interest on the delinquent contributions;

     (iii)     an amount equal to the greater of the interest on the delinquent contributions or liquidated damages of twenty percent (20%) of the delinquent contributions at the interim contribution rates; and

     (iv)     attorneys' fees and costs, including audit costs, incurred by Plaintiffs in connection with this action.

(B)     A finding that JJ and Norwood are a single integrated enterprise.

(C)     A finding that Norwood is an alter-ego of JJ.

(D)     An order enjoining Defendants from failing to submit accurate contributions reports and the proper amount of contributions to the Funds and the proper amount of dues and assessments to the Union.

(E)     An order to force Norwood to produce its books and records as requested by the Plaintiffs.

(F)     That this Court retain jurisdiction of this cause pending compliance with its orders.

(G)     For such further or different relief as this Court may deem proper and just.

     Respectfully submitted,


     By:     s/ Marisel A. Hernandez
     Marisel A. Hernandez
     William W. Leathem
     Attorneys for Plaintiffs


Jacobs Burns Orlove Stanton & Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603
(312) 327-3447
mhernandez@jbosh.com

James Egan & Associates, Ltd.
Certified Public Accountants
Detailed Discrepancy Hours by Employee

[ 23301 ]   J & J INTERIORS SPECIALTIES
            INC
            214 PARK ST
            BENSENVILLE, IL. 60106-0000

Audit Period: July, 2005 To December, 2007

| Social Security Number | Employee Name | Reported Hours | Actual Hours Compensated In Period | | | | | | Cap Hours | Hours Rate | Discrepancy Dollars | Period Code |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | 1st | 2nd | 3rd | 4th | 5th | Total | | | | |
| 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 | NARISCAL, ABEL | | | | | | | | | | | |



EXHIBIT
4

Page 13



James Egan & Associates, Ltd.
Certified Public Accountants
Detailed Discrepancy Hours by Employee

[ 23301 ]

J & J INTERIORS SPECIALTIES
INC
214 PARK ST
BENSENVILLE, IL. 60106-0000

Audit Period: July, 2005 To December, 2007

Page 14