IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee on behalf of PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, PAINTERS' DISTRICT COUNCIL NO. 30 PENSION FUND, and NORTHERN ILLINOIS PAINTERS, DECORATORS AND DRYWALL FINISHERS JOINT APPRENTICESHIP AND TRAINING FUND; DONALD STEADMAN Trustee on behalf of the NORTHERN ILLINOIS PAINTING AND DRYWALL INSTITUTE; and the DISTRICT COUNCIL NO. 30 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, a labor organization, <br><br> Plaintiffs, <br><br> v. <br><br> JJ INTERIOR SPECIALTIES, INC., and NORWOOD COMMERCIAL CONTRACTORS, INC. <br><br> Defendants. | Case No. 08 CV 1934 <br><br> Judge St. Eve <br> Magistrate Judge Denlow |

**JOINT INITIAL STATUS REPORT**

The parties, through their respective counsel, submit this joint initial status report pursuant to the Court's April 8, 2008 minute order and standing Case Management Procedures.

1. **Nature of the Case.**

    A. **Attorneys of record.**

*Plaintiffs* are represented by William W. Leathem, Mark Garrett Hohimer, and Marisel Hernandez, Jacobs, Burns, Orlove, Stanton & Hernandez, 122 S. Michigan Avenue, Suite 1720,

Chicago, Illinois 60603, (312) 372-1646. Attorney Leathem is counsel of record and will serve as trial counsel, if necessary.

*Defendants* are represented by Walter J. Liszka and Sean F. Darke, Wessels, Pautsch, & Sherman P.C., 33 West Monroe Street, Suite 1120, Chicago, Illinois 60603 (312) 629-9300. Attorney Darke is counsel of record and will serve as trial counsel, if necessary.

### B.     Basis for federal jurisdiction.

Federal jurisdiction is based on Section 301(c) of the Labor Management Relations Act, 29 U.S.C. § 185, as amended, and Section 502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(e)(1). Jurisdiction and venue are not disputed.

### C.     Nature of claims asserted and any counterclaims.

Plaintiffs Anderson and Steadman are trustees of the various Funds, multiemployer benefit plans governed by ERISA. Plaintiff Union is a labor organization.

Defendants JJ Interior Specialties ("JJ Interior") and Norwood Commercial Contractors, Inc. ("Norwood") are Illinois corporations.

The Funds are third-party beneficiaries of collective bargaining agreements ("CBAs") between employers and the Union that require employers to pay contributions to the Funds and dues and assessments to the Union for work performed by covered employees. Plaintiffs allege that JJ Interior was party to a series of CBAs with the Union. JJ Interior admits that it discussed entering into a CBA with the Union, but denies that it was a party to a series of them.

The Funds' trust agreements and the CBAs authorize Plaintiffs to audit the records of an employer and its affiliated or related businesses to verify the accuracy and completeness of the employer's remittance reports and the corresponding amounts paid.

Plaintiffs allege that an audit of JJ Interior's records for the period January 1, 2003 through December 31, 2006 disclosed unpaid amounts totaling over $50,000.  JJ Interior denies that it was audited.  Plaintiffs allege that, due to an apparent overlap of employees between JJ Interior and Norwood, they requested that Norwood produce its records at the audit but Norwood refused.  Norwood denies that Plaintiffs asked to review its records.

Plaintiffs have sued to compel an audit of Norwood's records for the period January 1, 2003 through the present, to expand the audit of JJ Interior through current, and to collect any unpaid amounts disclosed by the audits.

On April 29, 2008, Defendants filed an answer and affirmative defenses (R. 13) to Plaintiffs' complaint, and a Third-Party Complaint against the Chicago Regional Council of Carpenters funds (R. 16).  No counterclaims are asserted.

      **D.**     **Major legal and factual issues.**

*Legal issues*:

(1)     Do Norwood and JJ Interior operate as a single integrated enterprise?

(2)     Is Norwood the alter ego of JJ Interior?

*Factual issues*:

(1)     Factors relevant to the determination of single employer and alter-ego status.

(2)     Factual issues relating to damages: what is the amount of unpaid contributions, dues, and assessments owed to Plaintiffs.

**E.     The relief sought by Plaintiffs.**

Plaintiffs have sued to compel an audit of Norwood for the period January 1, 2003 through the present, to expand the audit of JJ Interior through current, and to collect any unpaid amounts disclosed by the audit, including ERISA § 502(g)(2)'s mandatory add-ons.

**2.     Pending motions and case plan.**

**A.     Pending motions.**

There are no pending motions.

**B.     Proposed discovery plan.**

1.     *The type of discovery needed*:  Plaintiffs first need the audit.  In a typical case, it usually takes about one month after the audit has been conducted for the auditors to distill the data collected at the audit and prepare a Payroll Audit Report.  Plaintiffs thereafter present the report to the employer; this often begins a dialogue between the employer and Plaintiffs.  Many audits are resolved informally between the parties.  To the extent the parties are unable to resolve their differences Plaintiffs will need written discovery and depositions concerning those issues.

Defendants will need to depose the individuals revealed in the audit that Plaintiffs claim performed bargaining unit work.  At first glance, this may on be one individual, but Plaintiffs audit will determine the number of individuals to be deposed. Once the individuals are identified, Defendant will be in a better position to begin dialogue with Plaintiffs to attempt to resolve this matter.  Also, Defendants will also need to conduct discovery of a third-party defendant who collected contributions on the named individual in Plaintiffs complaint.

2.     *Date of Rule 26(a)(1) disclosures*:  May 20, 2008.

3.     *Fact discovery cutoff*:  120 days after the audit report is issued.

    4.    *Expert discovery*:  Plaintiffs do not anticipate the need for any experts.

    5.    *Dispositive motions*:  45 days after the close of discovery.

    6.    *Final Pretrial Order*:  If necessary, 45 days after the Court's summary judgment ruling.

    **C.    Trial: when will the case be ready for trial and how long will it last?**

It is difficult to determine when trial might occur and how long it will take until after the audit has been completed and the extent of any disputes is known with greater accuracy. Assuming the Court were to set this matter over for 90 days (*i.e.* mid-August 2008) to allow time for the audit and some initial discussions between the parties, and then allow 120 days for discovery from that point (*i.e.* mid-December 2008), Plaintiffs believe that, absent any discovery disputes, the case could be ready for trial – if not disposed of on a summary proceeding – in May 2009 (following completion of a pretrial order).  It is impossible to estimate how long trial might last without knowing the extent of the audit and thus, the number of witnesses the parties might need to call.

If this case goes to trial, it will be a bench trial.

**3.    Do the parties unanimously consent to proceed before a Magistrate Judge?**

No.

**4.    Status of settlement discussions and potential for a settlement conference.**

The parties have not discussed settlement.  Plaintiffs believe that, after the audit report is issued, a settlement conference would be helpful since this type of case often settles.  Defendants will be in a better position to discuss any settlement after an audit report is issued.

Respectfully submitted,

/s/  William W. Leathem                    /s/ Sean F. Darke
William W. Leathem                          Sean F. Darke
*Attorney for Plaintiffs*                   *Attorney for Defendants*
Jacobs Burns Orlove Stanton & Hernandez     Wessels, Pautsch & Sherman, P.C.
122 S. Michigan Avenue, Suite 1720          33 West Monroe Street, Suite 1120
Chicago, IL 60603                           Chicago, IL 60603
(312) 372-1646                              (312) 629-9300

## CERTIFICATE OF SERVICE

I certify that on May 6, 2008, I electronically filed the foregoing JOINT INITIAL STATUS REPORT with the Clerk of the court using the CM/ECF system which sent notification of such filing to the following counsel of record:

> Walter J. Liszka
> Sean F. Darke
> Wessels, Pautsch, & Sherman P.C.
> 33 West Monroe Street, Suite 1120
> Chicago, Illinois 60603

> /s/ William W. Leathem
> William W. Leathem