IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee on behalf of PAINTER'S DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, PAINTER'S and, NORTHERN ILLINOIS PAINTERS, DECORATORS AND DRYWALL FINISHERS JOINT APPRENTICESHIP AND TRAINING FUND; DONALD STEADMAN Trustee on behalf of the NORTHERN ILLINOIS PAINTING AND DRYWALL INSTITUTE; and the DISTRICT COUNCIL NO. 30 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, a labor organization,<br><br>Plaintiffs,<br>v.<br><br>JJ INTERIOR SPECIALTIES, INC. and NORWOOD COMMERCIAL CONTRACTORS, INC.<br><br>Defendants<br>Third-Party Plaintiffs,<br><br>v.<br><br>CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE and TRAINEE PROGRAM FUND, and Their Trustees,<br><br>Third-Party Defendants. | Case No: 08 CV 1934<br><br>Judge St. Eve<br><br>Magistrate Judge Denlow |

**THIRD-PARTY PLAINTIFFS MOTION FOR LEAVE TO FILE AN AMENDED THIRD-PARTY COMPLAINT**

Third-Party Plaintiffs, NORWOOD COMMERCIAL CONTRACTORS, INC. and Defendant, JJ INTERIOR SPECIALTIES, INC., by their attorney, Sean F. Darke, seek to amend their Third-Party Complaint in accordance with the Federal Rules of Civil Procedure.

1

1. On April 4, 2008, Plaintiffs filed a complaint against Norwood Commercial Contractors and JJ Interior Specialties, Inc. alleging violations in accordance with Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), and to collect delinquent employee benefit fund contributions and union dues and assessments disclosed by the audit, and for injunctive relief, and further alleging that Norwood Commercial Contractors and JJ Interiors Specialties are the alter ego of each other. *See* Plaintiffs' Complaint attached here as Exhibit 1.

2. On April 28, 2008, Norwood Commercial and JJ Interiors answered Plaintiffs complaint.

3. On April 29, 2008, Norwood Commercial and JJ Interiors filed a Third Party Complaint against CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE and TRAINEE PROGRAM FUND, and Their Trustees.

4. On May 23, 2008, the Third-Party Defendants filed a motion to dismiss the Third-Party complaint.

5. Because the Third-Party Defendants have answered and its more than 10 days after Norwood and JJ Interiors answered Plaintiffs complaint, Norwood and JJ Interiors are requesting from this court an order allowing them to amend their Third-Party Complaint.

Norwood Commercial Contractors and JJ Interiors request an order granting its motion for leave to file an amended Third-Party Complaint.

Dated: May 30, 2008

                                      **NORWOOD COMMERCIAL CONTRACTORS, INC., and JJ INTERIOR SPECIALTIES INC.**

                              By:  s/ Sean F. Darke
                                       One of Defendants' Attorneys

Sean F. Darke, Esq.
(ARDC #6285312)
WESSELS PAUTSCH SHERMAN, P.C.
33 W. Monroe Street, Suite 1120
Chicago, IL 60603
(312) 629-9300 (Telephone)
(312) 629-9301 (Facsimile)
**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 30, 2008, he served a true and correct copy of **ITS MOTION FOR LEAVE TO FILE AN AMENDED THIRD-PARTY COMPLAINT** to the Clerk of Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following individual(s):

>Terrance McGann
>Karen Rioux
>Whitfield & McGann
>111 E. Wacker Drive, Suite 2600
>Chicago, Illinois 60601
>
>Marisel A. Hernandez
>Mark Garrett Hohimer
>William Walter Leathem
>Jacobs, Burns, Orlvoe, Stanton & Hernandez
>122 S. Michigan Avenue, Suite 1720
>Chicago, Illinois 60603

_s/ Sean F. Darke_
Sean F. Darke

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee on behalf of PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, PAINTERS' DISTRICT COUNCIL NO. 30 PENSION FUND, and NORTHERN ILLINOIS PAINTERS, DECORATORS AND DRYWALL FINISHERS JOINT APPRENTICESHIP AND TRAINING FUND; DONALD STEADMAN Trustee on behalf of the NORTHERN ILLINOIS PAINTING AND DRYWALL INSTITUTE; and the DISTRICT COUNCIL NO. 30 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, a labor organization,<br><br>Plaintiffs,<br><br>v.<br><br>JJ INTERIOR SPECIALTIES, INC., and NORWOOD COMMERCIAL CONTRACTORS, INC.<br><br>Defendants. | FILED: APRIL 4, 2008<br>08CV1934    RCC<br>JUDGE ST.EVE<br>MAGISTRATE JUDGE DENLOW |

## COMPLAINT

### Jurisdiction and Venue

1.  This is an action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), to collect delinquent employee benefit fund contributions and union dues and assessments disclosed by the audit, and for injunctive relief.

2.  This Court has subject matter jurisdiction pursuant to 29 U.S.C. §§ 185(c) and 1132(e)(1).



EXHIBIT 1

3. Venue in this Court is conferred by 29 U.S.C. §§ 185(a) and 1132(e)(2), because the Funds are administered in this judicial district, and the Union and Defendant transact business in this judicial district.

### Parties

4. The Painters' District Council No. 30 Health and Welfare Fund ("Health and Welfare Fund"), the Painters' District Council No. 30 Pension Fund ("Pension Fund"), the Northern Illinois Painters, Decorators and Drywall Finishers Joint Apprenticeship and Training Funds ("Apprenticeship Fund"), and the Northern Illinois Painting and Drywall Institute ("NIPDI") (collectively "Funds") are employee benefit trusts and/or plans within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

5. Plaintiff Charles E. Anderson is a fiduciary and trustee of the Health and Welfare Fund, the Pension Fund, and the Apprenticeship Fund.

6. Plaintiff Donald Steadman is a fiduciary and trustee of NIPDI.

7. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a fiduciary of an employee benefit plan is authorized to commence a civil action to enforce the obligations that ERISA imposes upon employers.

8. Plaintiff Painters District Council No. 30 of the International Union of Painters and Allied Trades, AFL-CIO ("Union"), is a labor organization representing employees in an industry affecting commerce, as defined by LMRA § 301(a), 29 U.S.C. § 185(b). The Union is entitled to collect dues and defense fund assessments owed to it, and contributions owed to the Painters and Allied Trades Labor Management Cooperation Initiative ("P&AT LMCI") f/k/a the International Brotherhood of Painters and Allied Trades Labor Management Fund, from

Defendants on behalf of employees covered by one or more collective bargaining agreements ("CBAs").

9.      Defendant, JJ Interior Specialties, Inc.. ("JJ"), is an Illinois corporation with its principal place of business in the State of Illinois. JJ is and at all times relevant has been engaged in business within this judicial district in an industry affecting commerce, as defined by LMRA § 301(a), U.S.C. § 185(a), and at all relevant times has been an "employer" as defined by ERISA § 3(5), 29 U.S.C. § 1002(5).

10.     Defendant, Norwood Commercial Contractors, Inc. ("Norwood") is an Illinois corporation with its principal place of business in the State of Illinois. Norwood is and at all times relevant has been engaged in business within this judicial district in an industry affecting commerce, as defined by LMRA § 301(a), U.S.C. § 185(a), and at all relevant times has been an "employer" as defined by ERISA § 3(5), 29 U.S.C. § 1002(5).

### Specific Allegations

11.     The Funds are third-party beneficiaries of CBAs between the Union and either the Northeast Illinois Chapter of the Painting and Decorating Contractors of America ("Association") or individual employers. The CBAs require employers to pay contributions to the Funds for work performed by covered employees and to check off and remit dues and defense fund assessments to the Union for those employees.

12.     At all material time JJ was a party to a series of CBAs with the Union.

13.     Pursuant to the CBAs, JJ agreed to contribute to the Funds for each hour or portion thereof worked by employees covered by the CBAs, and to check off and remit dues and defense fund assessments to the Union for bargaining-unit employees.

14. JJ agreed to adopt and be bound by the provisions of the Funds' Trust Agreements ("Trust Agreements") and the rules and regulations promulgated by the Funds' Trustees under the Trust Agreements. The Trust Agreements require JJ to pay continuing and prompt contributions to the Funds for work performed by covered employees in accordance with the applicable CBAs.

15. Norwood and JJ operate as a single integrated enterprise in that both entities have common ownership and financial control, common management, interrelation of operations and exercise common control of labor relations.

16. Norwood operates as the alter-ego of JJ in that there is substantially identical management, business purpose, operation, equipment, customers and supervision of employees. The purpose for the creation of Norwood was so that JJ could evade its responsibilities under ERISA.

17. Participating employers are required to advise Plaintiffs monthly of the identity of the employees for whom contributions, dues and assessments are owed, identify each hour or portion thereof worked by and gross wages paid to those employees, and remit the amounts owed to the Funds and Union for those employees.

18. The CBAs and the Trust Agreements require participating employers to provide the Funds and Union with access to their books and records and those of their affiliated or related companies upon demand, so Plaintiffs can audit the employers' records and verify the accuracy and completeness of the hours worked by and gross wages paid to covered employees reported to the Funds and Union, and the corresponding contributions, dues, and assessments paid to the Funds and Union.

19. On or about February 29, 2008, Plaintiffs' finalized their audit of JJ for the period January 1, 2003 through December 31, 2006. The audit disclosed delinquencies of $50,886.92 (exclusive of interest, liquidated damages, fees and costs).

20. In the course of performing the audit, Plaintiffs requested the records relating to Norwood. Norwood refused to produce its records. In addition, although JJ produced records for Abel Mariscal, a bargaining unit employee, Norwood refused to produce to Plaintiffs Mariscal's W-2 for 2006.

21. The audit report reveals that Defendants breached the provisions of the CBAs, the Trust Agreements, ERISA, and the LMRA, by failing to report hours worked by and gross wages paid to its employees, and by failing to pay the contributions, dues, and assessments owed for those employees, to the Funds and Union for the period of January 1, 2003 through December 31, 2006.

22. Pursuant to the CBAs, the Trust Agreements, and ERISA §§ 502(g)(2) and 515, 29 U.S.C. §§ 1132(g)(2) and 1145, the Funds are entitled to contributions, interest, the greater of interest or liquidated damages, audit costs, and attorneys fees and costs.

23. Pursuant to the CBAs and LMRA § 301(a), 29 U.S.C. § 185(a), the Union is entitled to collect dues, assessments, and contributions. The CBA provides that delinquent contributions shall be assessed interest, liquidated damages, and attorneys' fees and costs as established by the Funds' Trustees.

**WHEREFORE**, Plaintiffs request the following relief:

(A) A judgment in Plaintiffs' favor and against Defendants, jointly and severally, for:

    (i) all the delinquencies at the interim contribution rates that are owed for the audit period, plus union dues and defense fund assessments;

  (ii) interest on the delinquent contributions;

  (iii) an amount equal to the greater of the interest on the delinquent contributions or liquidated damages of twenty percent (20%) of the delinquent contributions at the interim contribution rates; and

  (iv) attorneys' fees and costs, including audit costs, incurred by Plaintiffs in connection with this action.

(B) A finding that JJ and Norwood are a single integrated enterprise.

(C) A finding that Norwood is an alter-ego of JJ.

(D) An order enjoining Defendants from failing to submit accurate contributions reports and the proper amount of contributions to the Funds and the proper amount of dues and assessments to the Union.

(E) An order to force Norwood to produce its books and records as requested by the Plaintiffs.

(F) That this Court retain jurisdiction of this cause pending compliance with its orders.

(G) For such further or different relief as this Court may deem proper and just.

              Respectfully submitted,

            By: s/ Marisel A. Hernandez
              Marisel A. Hernandez
              William W. Leathem
              Attorneys for Plaintiffs

Jacobs Burns Orlove Stanton & Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603
(312) 327-3447
mhernandez@jbosh.com