**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee on behalf of PAINTER'S DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, PAINTER'S and, NORTHERN ILLINOIS PAINTERS, DECORATORS AND DRYWALL FINISHERS JOINT APPRENTICESHIP AND TRAINING FUND; DONALD STEADMAN Trustee on behalf of the NORTHERN ILLINOIS PAINTING AND DRYWALL INSTITUTE; and the DISTRICT COUNCIL NO. 30 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, a labor organization, | |
| Plaintiffs, | Case No: 08 CV 1934 |
| v. | Judge St. Eve |
| JJ INTERIOR SPECIALTIES, INC. and NORWOOD COMMERCIAL CONTRACTORS, INC. | Magistrate Judge Denlow |
| Defendants Third-Party Plaintiffs, | |
| v. | |
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE and TRAINEE PROGRAM FUND, and Their Trustees, | |
| Third-Party Defendants. | |

**AMENDED THIRD-PARTY COMPLAINT**

NORWOOD COMMERCIAL CONTRACTORS, INC. AND JJ INTERIOR

SPECIALTIES, INC., ("Third-Party Plaintiffs") by and through their attorneys, Walter J. Liszka

and Sean F. Darke, of WESSELS PAUTSCH & SHERMAN P.C., file this amended third-party complaint against CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE and TRAINEE PROGRAM FUND, and Their Trustees ("Third-Party Defendants"), states as follows:

## Jurisdiction

1.  This is an action in accordance with Fed. R. Civil P. 14, to add Third-Party Defendants to this cause of action and this court also has personal jurisdiction regarding the Third-Party Defendants because the Third-Party Defendants are located in this judicial district and within 100 mile from where the summons is issued.   This court has subject matter jurisdiction in accordance with 29 U.S.C. §§ 185(c) and 1132(e)(1).

## Parties and Specific Allegations

2.  On March 2, 2006, Third-Party Defendants filed a complaint against Norwood Commercial Contractors and JJ Interiors Specialties in the United States District Court for the Northern District of Illinois, Eastern Division, captioned <u>Chicago Regional Council of Carpenters Pension Fund, Chicago Regional Council of Carpenters Welfare Fund, the Chicago Regional Council of Carpenters Apprentice, and Trainee Program Fund, and, and Their Trustees v. Norwood Commercial Contractors, Inc. and JJ Interiors Specialties, Inc.</u>, Case No. 06 C 1145, ("Third-Party Defendants Complaint"), alleging violations in accordance with Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185) and that Norwood Commercial Contractors and JJ Interiors Specialties are the alter ego of each other. *See* Third-Party Defendants' Complaint attached here as Exhibit 1.

3.  The Third-Party Defendants' Complaint sought an order from the court to complete an audit of both Norwood Commercial and JJ Interiors records to determine if any employees were owed past due contributions.  After the entry of a protective order, the Third-Party Defendants completed an audit of Norwood Commercial Contractors' financial records and provided its results ("Third-Party Defendants' Audit").

4.  The Plaintiffs' complaint also seeks an order regarding completing an audit of Norwood Commercial Contractors financial records for the same time period and the same jobs that were previously audited by the Third-Party Defendants.

5.  On November 20, 2007, the Third-Party Plaintiffs and the Third-Party Defendants entered into a settlement agreement to resolve the Third-Party Defendants' Complaint, Case No. 06 C 1145,  regarding any and all alleged past due contributions for the hours worked by both Norwood and JJ Interior employees, which was fully executed on December 7, 2007.  *See* Judge Denlow's November 29, 2007 Order attached as Exhibit 2. (Due to its confidential nature, the settlement agreement has not been provided as a part of Exhibit 2.)

6.  On April 4, 2008, Plaintiffs filed a complaint against Norwood Commercial Contractors and JJ Interior Specialties, Inc. alleging violations in accordance with Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), and to collect delinquent employee benefit fund contributions and union dues and assessments disclosed by the audit, and for injunctive relief, and further alleging that Norwood Commercial Contractors and JJ Interiors Specialties are the alter ego of each other.  *See* Plaintiffs' Complaint attached here as Exhibit 3.

7.  Plaintiffs' complaint against Norwood Commercial Contractors and JJ Interiors Specialties indicates alleged past due contributions owed to an employee who performed bargaining unit work.  The Plaintiffs specifically name Mr. Abel Mariscal, who is also mentioned by the Third-Party Defendants in their second audit report that claims Norwood and JJ Interiors owe contributions to the Carpenters on his behalf.  The second audit report that the Third-Party Defendants are attempting to collect contributions on is attached here as Exhibit 4.

8.  Further the Third-Party Defendant collected contributions on behalf of a Ralph Tamez III who also performed painting work while working for either Norwood or JJ Interiors. Also, upon information and belief,  Mr. James Earnest also performed painting work while working on jobs for either JJ Interiors or Norwood, which the Third-Party Defendants included their initial audits. *See* Deposition testimony by Mr. Ralph Tamez attached here Exhibit 5 and preliminary audit report attached here as Exhibit 6.

9.  The second audit completed by the Third-Party Defendants, which provided to Third-Party Plaintiffs for collection, includes hours worked by Mr. Abel Mariscal and other individuals who may have been performing bargaining unit work for the Plaintiffs, in which their contributions were paid to the Third-Party Defendants for work covered under the Plaintiffs bargaining work.  As such, the Third-Party Defendants may be liable for any and all payments regarding past due contributions that individual listed in their audit reports performed for Plaintiffs.

10. If Norwood and JJ Interiors employees were performing bargaining unit work for the Plaintiffs and not performing bargaining unit work for the Third-Party Defendants, any and all contributions paid by Norwood Commercial Contractors and JJ Interiors Specialties to the

Third-Party Defendants on behalf of those individuals performing work their bargaining unit work should be reimbursed by the Third-Party Defendants to the Plaintiffs.

Third-Party Plaintiffs request this court to add CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE and TRAINEE PROGRAM FUND, and Their Trustees to this cause of action, since the Third-Party Plaintiffs were paid contributions on behalf of individuals who performed collective bargaining work for Plaintiffs. Third-Party Plaintiffs request that if found liable the Third Party Defendant may be responsible for a portion or the entire amount, if this court enter any judgment Plaintiffs favor. The Third-Party Plaintiffs further request that this court award it any and all additional relief that this court may deem just and equitable.


Respectfully submitted,

**NORWOOD COMMERCIAL CONTRACTORS, INC. AND JJ INTERIORS SPECIALTIES, INC.**


By:___s/ Sean F. Darke_____
          Sean F. Darke


Walter J. Liszka (ARDC #1675656)
Sean F. Darke (ARDC #6285312)
Wessels Pautsch & Sherman P.C.
33 West Monroe Street, Suite 1120
Chicago, Illinois 60603
(312) 629-9300 (Telephone)
(312) 629-9301 (Facsimile)

**ATTORNEYS FOR THIRD-PARTY PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 12, 2008, he served a true and correct copy of **AMENDED THIRD-PARTY COMPLAINT** to the Clerk of Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following individual(s):

Terrance McGann
Karen Rioux
Whitfield & McGann
111 E. Wacker Drive, Suite 2600
Chicago, Illinois 60601

Marisel A. Hernandez
Mark Garrett Hohimer
William Walter Leathem
Jacobs, Burns, Orlvoe, Stanton & Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, Illinois 60603

s/ Sean F. Darke
Sean F. Darke

**FILED**

IN THE UNITED STATES DISTRICT COURT *IN*
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAR 0 2 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CHICAGO REGIONAL COUNCIL OF          )
CARPENTERS PENSION FUND, CHICAGO     )
REGIONAL COUNCIL OF CARPENTERS       )
WELFARE FUND, the CHICAGO REGIONAL   )
COUNCIL OF CARPENTERS APPRENTICE and
TRAINEE PROGRAM FUND, and Their Trustees,

**06cv1145
JUDGE LEINENWEBER
MAG. DENLOW**

Plaintiffs,

v.                                   )
                                     )
JJ INTERIOR SPECIALTIES, INC., and NORWOOD  )
COMMERCIAL CONTRACTORS, INC.,        )
                                     )
Defendants.                          )

## COMPLAINT

Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION

FUND, et al., by their attorney, Raymond J. Sanguinetti, complains of the Defendants,

JJ INTERIOR SPECIALTIES, INC., ("JJ"), and NORWOOD COMMERCIAL

CONTRACTORS , INC., ("NORWOOD"), as follows:

### Alter-Ego Audit Refusal
### (JJ INTERIOR SPECIALTIES, INC. and NORWOOD COMMERCIAL
### CONTRACTORS, INC)

1.      This action arises under Section 502 of the Employee Retirement Income

Security Act and Section 301 of the Taft-Hartley Act.  (29 U.S.C. §§1132 and 185).

Jurisdiction is founded on the existence of questions arising thereunder.

2.      The CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION

FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and



EXHIBIT
1

the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO REGIONAL COUNCIL OF CARPENTERS, successor of the CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3.     JJ is an employer engaged in an industry affecting commerce which entered into an Agreement with the Carpenters Union whereby it agreed to be bound by a Collective Bargaining Agreement or Agreements whose terms require Defendant to pay fringe benefits to the Trust Funds.

4.     The Agreement and the Collective Bargaining Agreements also bind the JJ to the provisions of the Agreement and Declarations of Trust which created the Trust Funds ("Trust Agreements").

5.     JJ is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

6.     Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, JJ is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

7.    The Trust Funds sought to conduct an audit of JJ's books and records for the period of January 2003 through June 2005, but were only able to complete a preliminary audit of the books and records when the auditors discovered a possible related company NORWOOD. A request was made to review the books and records of NORWOOD for the same time period, but the request was denied.

8.    That NORWOOD is related to JJ and performs bargaining unit work.

9.    That NORWOOD is a disguised continuance of JJ and/or participated with JJ in avoiding its Trust Fund obligations.

10.    That NORWOOD is the alter ego of JJ or is bound to the Collective Bargaining Agreement under a single or joint employer theory. As such, plaintiffs are entitled to compliance from NORWOOD to the terms of the Collective Bargaining Agreement and Trust Agreements.

11.    The Defendants breached the provisions of the Collective Bargaining Agreement by failing to allow Plaintiffs to complete an audit of Defendant's books and records for the period January 2003 through June 2005 after demand for audit was made upon Defendants.

12.    Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, the Defendants are required to pay liquidated damages, auditor fees and all attorney fees and court costs incurred by the Trust Funds in the collection process.

13.    Plaintiffs have complied with all conditions precedent in bringing this suit.

14.     Plaintiffs have been required to employ the undersigned attorneys to compel the audit of the Defendant's books and records and collect the monies that may be found to be due and owing.

15.     Defendant is obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

16.     Pursuant to 29 U.S.C. §1132(g)(2)(B), Plaintiffs are entitled to an amount equal to the greater of:

       (a)     double interest; or

       (b)     interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:

A.     That the Defendant, NORWOOD COMMERCIAL CONSTRUCTION, INC., be required to provide access to its records within three (3) days for the period of January 2003 through June 2005 so that the audit can be completed.

B.     That the Court finds that the Defendants, NORWOOD COMMERCIAL CONSTRUCTION, INC., be held jointly and severally liable as an alter-ego entity with JJ INTERIORS SPECIALTIES, INC. and as such, be required to pay all contributions shown to be owed after the completion of the audit.

C.     That the Defendants, JJ INTERIORS SPECIALTIES, INC. and NORWOOD COMMERCIAL CONSTRUCTION, INC., be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B).

D.     That the Defendants, JJ INTERIORS SPECIALTIES, INC. and NORWOOD COMMERCIAL CONSTRUCTION, INC., be ordered to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(C).

E.     That the Defendants, JJ INTERIORS SPECIALTIES, INC. and NORWOOD COMMERCIAL CONSTRUCTION, INC., be ordered to pay the reasonable attorney fees and costs incurred by the Plaintiffs. 29 U.S.C. §1132.

4

F.     That Plaintiffs have such other and further relief as by the Court
       may be deemed just and equitable all at the Defendants' cost.

                                        CHICAGO REGIONAL COUNCIL OF
                                        CARPENTERS PENSION FUND, et al.


                                        By: _____
                                              RAYMOND J. SANGUINETTI

Attorney for Plaintiff
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 251-9700

Order Form (01/2005)    Case 1:06-cv-01145    Document 83    Filed 11/29/2007    Page 1 of 1

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Morton Denlow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 1145 | **DATE** | 11/29/2007 |
| **CASE TITLE** | Chicago Regional Counsel of Carpenters PenFd, et al vs. JJ Interior Specialties | | |

**DOCKET ENTRY TEXT**

Status hearing held. The parties hereby agree that this case has been settled and that all issues and controversies have been resolved to their mutual satisfaction. It is hereby order: 1. This case is dismissed without prejudice. 2. Plaintiff may file a motion to reinstate, a motion to enforce the parties' settlement agreement, or a motion for additional time to file a motion to reinstate or a motion to enforce the settlement agreement on or before 1/3/2008. 3. In the event no motion listed in paragraph 2 is filed on or before 1/3/2008, the case shall be dismissed with prejudice on the next business day without further order of the Court. 4. Each party shall bear its own attorney's fees and costs. Civil case terminated.

Notices mailed by Judicial staff.

00:01

| | Courtroom Deputy Initials: | IS |
|---|---|---|
| | | |

06C1145 Chicago Regional Counsel of Carpenters PenFd, et al vs. JJ Interior Specialties

**EXHIBIT 2**

Page 1 of 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CHARLES E. ANDERSON, Trustee on behalf of )
PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH )
AND WELFARE FUND, PAINTERS' DISTRICT )
COUNCIL NO. 30 PENSION FUND, and NORTHERN )
ILLINOIS PAINTERS, DECORATORS AND )
DRYWALL FINISHERS JOINT APPRENTICESHIP )
AND TRAINING FUND; DONALD STEADMAN )
Trustee on behalf of the NORTHERN ILLINOIS )
PAINTING AND DRYWALL INSTITUTE; and )
the DISTRICT COUNCIL NO. 30 OF THE )
INTERNATIONAL UNION OF PAINTERS )
AND ALLIED TRADES, AFL-CIO, a labor organization, )
　　　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　 Plaintiffs, )
　　　　　　　　　　　　　　　　　　　　　　　 )
　　　　v. 　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　　　 )
JJ INTERIOR SPECIALTIES, INC., and )
NORWOOD COMMERCIAL CONTRACTORS, INC. )
　　　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　 Defendants. )

```
FILED: APRIL 4, 2008
08CV1934   RCC
JUDGE ST.EVE
MAGISTRATE JUDGE DENLOW
```

### COMPLAINT

#### Jurisdiction and Venue

1.　　This is an action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), to collect delinquent employee benefit fund contributions and union dues and assessments disclosed by the audit, and for injunctive relief.

2.　　This Court has subject matter jurisdiction pursuant to 29 U.S.C. §§ 185(c) and 1132(e)(1).



EXHIBIT
3

3.     Venue in this Court is conferred by 29 U.S.C. §§ 185(a) and 1132(e)(2), because the Funds are administered in this judicial district, and the Union and Defendant transact business in this judicial district.

### Parties

4.     The Painters' District Council No. 30 Health and Welfare Fund ("Health and Welfare Fund"), the Painters' District Council No. 30 Pension Fund ("Pension Fund"), the Northern Illinois Painters, Decorators and Drywall Finishers Joint Apprenticeship and Training Funds ("Apprenticeship Fund"), and the Northern Illinois Painting and Drywall Institute ("NIPDI") (collectively "Funds") are employee benefit trusts and/or plans within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

5.     Plaintiff Charles E. Anderson is a fiduciary and trustee of the Health and Welfare Fund, the Pension Fund, and the Apprenticeship Fund.

6.     Plaintiff Donald Steadman is a fiduciary and trustee of NIPDI.

7.     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a fiduciary of an employee benefit plan is authorized to commence a civil action to enforce the obligations that ERISA imposes upon employers.

8.     Plaintiff Painters District Council No. 30 of the International Union of Painters and Allied Trades, AFL-CIO ("Union"), is a labor organization representing employees in an industry affecting commerce, as defined by LMRA § 301(a), 29 U.S.C. § 185(b). The Union is entitled to collect dues and defense fund assessments owed to it, and contributions owed to the Painters and Allied Trades Labor Management Cooperation Initiative ("P&AT LMCI") f/k/a the International Brotherhood of Painters and Allied Trades Labor Management Fund, from

Defendants on behalf of employees covered by one or more collective bargaining agreements ("CBAs").

9.      Defendant, JJ Interior Specialties, Inc.. ("JJ"), is an Illinois corporation with its principal place of business in the State of Illinois.  JJ is and at all times relevant has been engaged in business within this judicial district in an industry affecting commerce, as defined by LMRA § 301(a), U.S.C. § 185(a), and at all relevant times has been an "employer" as defined by ERISA § 3(5), 29 U.S.C. § 1002(5).

10.     Defendant, Norwood Commercial Contractors, Inc. ("Norwood") is an Illinois corporation with its principal place of business in the State of Illinois.  Norwood is and at all times relevant has been engaged in business within this judicial district in an industry affecting commerce, as defined by LMRA § 301(a), U.S.C. § 185(a), and at all relevant times has been an "employer" as defined by ERISA § 3(5), 29 U.S.C. § 1002(5).

### Specific Allegations

11.     The Funds are third-party beneficiaries of CBAs between the Union and either the Northeast Illinois Chapter of the Painting and Decorating Contractors of America ("Association") or individual employers.  The CBAs require employers to pay contributions to the Funds for work performed by covered employees and to check off and remit dues and defense fund assessments to the Union for those employees.

12.     At all material time JJ was a party to a series of CBAs with the Union.

13.     Pursuant to the CBAs, JJ agreed to contribute to the Funds for each hour or portion thereof worked by employees covered by the CBAs, and to check off and remit dues and defense fund assessments to the Union for bargaining-unit employees.

3

14.    JJ agreed to adopt and be bound by the provisions of the Funds' Trust Agreements ("Trust Agreements") and the rules and regulations promulgated by the Funds' Trustees under the Trust Agreements. The Trust Agreements require JJ to pay continuing and prompt contributions to the Funds for work performed by covered employees in accordance with the applicable CBAs.

15.    Norwood and JJ operate as a single integrated enterprise in that both entities have common ownership and financial control, common management, interrelation of operations and exercise common control of labor relations.

16.    Norwood operates as the alter-ego of JJ in that there is substantially identical management, business purpose, operation, equipment, customers and supervision of employees. The purpose for the creation of Norwood was so that JJ could evade its responsibilities under ERISA.

17.    Participating employers are required to advise Plaintiffs monthly of the identity of the employees for whom contributions, dues and assessments are owed, identify each hour or portion thereof worked by and gross wages paid to those employees, and remit the amounts owed to the Funds and Union for those employees.

18.    The CBAs and the Trust Agreements require participating employers to provide the Funds and Union with access to their books and records and those of their affiliated or related companies upon demand, so Plaintiffs can audit the employers' records and verify the accuracy and completeness of the hours worked by and gross wages paid to covered employees reported to the Funds and Union, and the corresponding contributions, dues, and assessments paid to the Funds and Union.

4

19.     On or about February 29, 2008, Plaintiffs' finalized their audit of JJ for the period January 1, 2003 through December 31, 2006. The audit disclosed delinquencies of $50,886.92 (exclusive of interest, liquidated damages, fees and costs).

20.     In the course of performing the audit, Plaintiffs requested the records relating to Norwood. Norwood refused to produce its records. In addition, although JJ produced records for Abel Mariscal, a bargaining unit employee, Norwood refused to produce to Plaintiffs Mariscal's W-2 for 2006.

21.     The audit report reveals that Defendants breached the provisions of the CBAs, the Trust Agreements, ERISA, and the LMRA, by failing to report hours worked by and gross wages paid to its employees, and by failing to pay the contributions, dues, and assessments owed for those employees, to the Funds and Union for the period of January 1, 2003 through December 31, 2006.

22.     Pursuant to the CBAs, the Trust Agreements, and ERISA §§ 502(g)(2) and 515, 29 U.S.C. §§ 1132(g)(2) and 1145, the Funds are entitled to contributions, interest, the greater of interest or liquidated damages, audit costs, and attorneys fees and costs.

23.     Pursuant to the CBAs and LMRA § 301(a), 29 U.S.C. § 185(a), the Union is entitled to collect dues, assessments, and contributions. The CBA provides that delinquent contributions shall be assessed interest, liquidated damages, and attorneys' fees and costs as established by the Funds' Trustees.

WHEREFORE, Plaintiffs request the following relief:

(A)     A judgment in Plaintiffs' favor and against Defendants, jointly and severally, for:

(i)     all the delinquencies at the interim contribution rates that are owed for the audit period, plus union dues and defense fund assessments;

    (ii)     interest on the delinquent contributions;

    (iii)    an amount equal to the greater of the interest on the delinquent contributions or liquidated damages of twenty percent (20%) of the delinquent contributions at the interim contribution rates; and

    (iv)    attorneys' fees and costs, including audit costs, incurred by Plaintiffs in connection with this action.

(B)    A finding that JJ and Norwood are a single integrated enterprise.

(C)    A finding that Norwood is an alter-ego of JJ.

(D)    An order enjoining Defendants from failing to submit accurate contributions reports and the proper amount of contributions to the Funds and the proper amount of dues and assessments to the Union.

(E)    An order to force Norwood to produce its books and records as requested by the Plaintiffs.

(F)    That this Court retain jurisdiction of this cause pending compliance with its orders.

(G)    For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

By:   s/ Marisel A. Hernandez
Marisel A. Hernandez
William W. Leathem
Attorneys for Plaintiffs

Jacobs Burns Orlove Stanton & Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603
(312) 327-3447
mhernandez@jbosh.com

6

James Beson & Associates, Ltd.
Certified Public Accountants
Detailed Discrepancy Hours by Employee

[ 23301. ]

J & J INTERIORS SPECIALTIES
INC
214 PARK ST
BENSENVILLE, IL. 60106-0000

Audit Period: July, 2005 To December, 2007

| Social Security Number | Employee Name | Reported Hours | – – – – – Actual Hours Compensated in Period – – – – – | | | | | | Cap Hours | Hours | Rate | Discrepancy Dollars | Period Code |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1st | 2nd | 3rd | 4th | 5th | Total | | | | | |
| 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 | MATISON, NEIL | | | | | | | | | | | | |
| | Employee Total! | | | | | | | | | | | | |
| | Employee Total! | | | | | | | | | | | | |
| | Employee Total! | | | | | | | | | | | | |
| | Employee Total! | | | | | | | | | | | | |

EXHIBIT 4

Page 13



**James Egan & Associates, Ltd.**
Certified Public Accountants
Detailed Discrepancy Hours by Employee

[ 23301 ]    J & J INTERIORS SPECIALTIES
INC
214 PARK ST
BENSENVILLE, IL. 60106-0000

Audit Period: July, 2005 To December, 2007

| Social Security Number | Employee Name | Reported Hours | Actual Hours Compensated In Period | | | | | Total | Cap Hours | Hours | Rates | Discrepancy Dollars | Period Code |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | 1st | 2nd | 3rd | 4th | 5th | | | | | | |
| 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 | HARRISON, ABEL | | | | | | | | | | | | |

Employee Total:

Employee Total:

Page 14

1

```
             IN THE DISTRICT COURT OF THE UNITED STATES
                FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION


CHICAGO REGIONAL COUNCIL OF    )
CARPENTERS PENSION FUND,       )
CHICAGO REGIONAL COUNCIL OF    )
CARPENTERS WELFARE FUND,  THE  )
CHICAGO REGIONAL COUNCIL OF    )
CARPENTERS APPRENTICE &        )
TRAINEE PROGRAM FUND, and      )
their Trustees,                )
                               )
             Plaintiffs,       )  Judge Harry D.
                               )  Leinenweber
      -vs-                     )  NO. 06 C 1145
                               )
JJ INTERIOR SPECIALTIES,       )
INC., and NORWOOD COMMERCIAL   )
CONTRACTORS, INC.,             )
                               )
             Defendants.       )
```

        Deposition of RALPH TAMEZ taken before

PAULINE STROHL, C.S.R., and Notary Public, pursuant

to the Federal Rules of Civil Procedure for the

United States District Courts pertaining to the

taking of depositions, at Suite 2600, 111 East Wacker

Drive, in the City of Chicago, Cook County, Illinois

at 11:30 a.m. on October 9th, 2007.

        There were present at the taking of this

deposition the following counsel:



EXHIBIT
5

34

1    employees of Norwood?

2        A    Yes.

3        Q    And how did you know they were employees of

4    Norwood?

5        A    Well, they have worked for Norwood for quite

6    a few years.  They have been employed with them for

7    quite a few years so I know them as Norwood.  Any of

8    their jobs that were out of town, most of their jobs

9    out of town were under Norwood.

10       Q    And what type of work did they perform at

11   this Gurnee job, the Lane Bryant store?  And when I

12   say they, I mean Joe, Alex and Oscar.

13       A    Joey helped me with some framing, some

14   drywall.  Oscar helped me with the paneling.  When I

15   say paneling that's a slat wall.  He helped me with

16   the slat wall.  He helped me with taping.  He did

17   some ceiling work, some acoustical ceiling work there

18   as well.

19            And then Alejandro, he helped me with the

20   hanging the doors.  He helped me with, when I say

21   hanging the doors, that's installing the doors,

22   installing the frames and installing the doors, doing

23   the hardware.  Putting up shelves in the bathrooms.

24   Painting, he helped me with painting.  As far as

1   Oscar, Oscar also helped me with painting there.

2       Q    Were there any other employees, carpenters

3   employed by JJ or Norwood on this job?

4       A    Vince Soria came and he helped me for a

5   couple of days.  Vince and Abel.  Abel, I think his

6   last name is Madrigal, I think.  He came and he

7   helped me for a number of days.  Maybe about a week,

8   week and a half, Vince and Abel came and helped me.

9       Q    Did you ever have a conversation with Sam or

10  Doug as to why there were Norwood employees on a JJ

11  job?

12      A    Well, really, yeah.  If any union delegates

13  or anything like that were to come by, anybody under

14  Norwood would pretty much have to walk off the job,

15  would have to leave the job, at least until the

16  delegates were gone.  And then they'd come back maybe

17  the following day or a couple hours later.

18      Q    Did this in fact occur on the Lane Bryant job

19  in Gurnee where the Norwood employees walked off the

20  job, if a union official --

21      A    Yes, there was a couple times where Oscar

22  would have to go run.

23      Q    Did you speak to any representatives of the

24  carpenters union while you were working in Gurnee on

68

1    2005?

2        A    Yes.

3        Q    Now you also mentioned that you performed

4    work with Joe Earnest, Alejandro.

5        A    Yes.

6        Q    And a brother-in-law/cousin of Doug Hudson,

7    possibly nephew?

8        A    There were several cousins and

9    brother-in-laws that worked.  Several cousins and

10   brother-in-laws of Doug Hudson that worked for the

11   company of Norwood.

12       Q    Now you mentioned that for Joe Earnest, that

13   he performed some carpentry work.  Were there any

14   other jobs that he performed other than carpentry?

15       A    ~~He would paint.  Sometimes they would trust~~

16   ~~him to paint.~~  He would do more labor work, too.  If

17   you needed something moved or if you needed a wall

18   knocked down or something like that, to that effect.

19   Or you know, pretty much clean up.  What we would do

20   is at the beginning of the job, you would have a

21   demolition phase where you have to go there and demo

22   whatever walls.  Joey would sometimes be present.

23       Q    Now is this when he was working for or you

24   were working for JJ?

1 STATE OF ILLINOIS )
         ) ss:
2 COUNTY OF COOK  )

3

    I, PAULINE STROHL, a Certified Shorthand
4 Reporter within and for the State of Illinois, do
  hereby certify:
5
    That previous to the commencement of the
6 examination of the witness, the witness was duly
  sworn to testify the whole truth concerning the
7 matters herein;

8    That the foregoing deposition was reported
  stenographically by me, was thereafter reduced to a
9 printed transcript by me, and constitutes a true
  record of the testimony given and the proceedings
10 had;

11    That the said deposition was taken before me
  at the time and place specified;
12
    That the reading and signing by the witness
13 of the deposition transcript was agreed upon as
  stated herein;
14
    That I am not a relative or employee or
15 attorney or counsel, nor a relative or employee of
  such attorney or counsel for any of the parties
16 hereto, nor interested directly or indirectly in the
  outcome of this action.
17
    IN WITNESS WHEREOF, I do hereunto set my
18 hand this ___12th___ day of ___October___, 2007
19

20

21    Pauline Strohl
      My Commission Expires
22      August 30, 2009  PAULINE STROHL, CSR
             Notary Public
23              CSR No. 084-001253

24

Certified Public Accountants                                    *Hours*

Detailed Discrepancy Hours by Period

| ▓ Report on the Compliance of ▓ | ▓ Covering the Period of ▓ |
|---|---|
| **Account Number** 23301 | January, 2003 |
| J & J INTERIORS SPECIALTIES<br>214 PARK STREET<br>INC<br>BENSENVILLE, IL. 60106<br>(630)694-0700 | ▓ Page Number ▓<br><br>4 of 10<br><br>▓ Total Discrepancies This Period ▓<br><br>0.00 Hours |
| [ Actual Pay Date ] | |

| Social Security Number | Employee Name | Hours Reported | 01/07 | 01/14 | 01/21 | 01/28 | Total | Cap Hours | Discrepancy Hours | Code |
|---|---|---|---|---|---|---|---|---|---|---|
| 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 | TAMEZ III, RALPH | 28.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 175.00 | (28.00) | 101 |
| | Total Hours This Page | | | | | | | | | |

Total Items Listed This Period :  ▬

Total Difference In Hours This Period :  ▬

PRELIMINARY FINDINGS

EXHIBIT
6

*Benefit Hours*

## James Egan & Associates, Ltd.
### Certified Public Accountants
Detailed Discrepancy Hours By Period

| Report on the Compliance of | Covering the Period of |
|---|---|
| Account Number   23301 | February, 2003 |
| J & J INTERIORS SPECIALTIES INC | Page Number |
| 214 PARK ST | 5 of 33 |
| BENSENVILLE, IL. 60106 | Total Discrepancies This Period |
| (630)694-0700 | 1,303.75 Hours |
| [ Actual Hours Compensated In Period ] | |

| Social Security Number | Employee Name | Hours Reported 02/04 | Actual Hours Compensated In Period 02/11  02/18  02/25 | Total Hours | Discrepancy Hours | Code |
|---|---|---|---|---|---|---|
| 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 | EARNEST, JAMES S | 0.00  160.00 | 0.00  0.00  0.00 | 160.00  175.00 | 160.00 | 303 |

Total Hours This Page

Total Items Listed This Period :

Total Difference In Hours This Period :

PRELIMINARY

Attorney Copy

James Egan & Associates, Lt
Certified Public Accountants
Detailed Discrepancy Hours By Period

*Benefit Hours*

| Report on the Compliance of | Covering the Period of |
|---|---|
| Account Number   23301 | April, 2003 |
| J & J INTERIORS SPECIALTIES INC<br>214 PARK ST<br>BENSENVILLE, IL. 60106<br>(630)694-0700 | **Page Number**<br>7 of 33 |
| [ Actual Pay Date ] | **Total Discrepancies This Period**<br>878.75 Hours |

| Social Security Number | Employee Name | Hours Reported | Actual Hours Completed In Period 04/08   04/15   04/22   04/29 | | | | CAP Hours | Discrepancy Hours |
|---|---|---|---|---|---|---|---|---|
| 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 | EARNEST, JAMES S | 0.00 | 50.00 | 40.50 | 40.00 | 0.00 | 20.00 | 120.00 | 135.00 | 120.00 | 503 |
| 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 | TAMEZ III, RALPH | 0.00 | 40.00 | 0.01 | 0.00 | 0.00 | 0.00 | 18.00 | 175.00 | 18.00 | 683 |

Total Hours This Page :

Total Items Listed This Period :

Total Difference In Hours This Period :

PRELIMINARY FINDINGS

Attorney Copy



**James Egan & Associates, Ltd.**
**Certified Public Accountants**

*Benefit Hours*

Detailed Discrepancy Hours By Period

| Report on the Compliance of | Covering the Period of |
|---|---|
| Account Number  23301 | May, 2004 |
| J & J INTERIORS SPECIALTIES INC 214 PARK ST BENSENVILLE, IL. 60106 (630)694-0700 | **Page Number** 20 of 33 |
| [ Actual Hours Compensated In Period ] | **Total Discrepancies This Period** 1,396.00 Hours |

| Social Security Number | Employee Name | Hours Reported | Actual Hours Compensated In Period 05/12 | 05/20 | 05/25 | 06/01 | Total | Cap Hours | Discrepancy Hours | Code |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | 0.00 | 0.00 | | | |
| 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 | EARNEST, JAMES S | 0.00 | 91.00 | 33.50 | 27.50 | 0.00 | 152.00 | 175.00 | 152.00 | 503 |
| 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 | TAMEZ III, RALPH | 0.00 | 11.00 | 137.00 | 29.50 | 0.00 | 177.50 | 175.00 | 175.00 | 683 |

Total Hours This Page

Total Items Listed This Period :

Total Difference In Hours This Period :

PRELIMINARY FINDINGS

James Egan & Associates, Ltd.
**Certified Public Accountants**

*Benefit Hours*

Detailed Discrepancy Hours By Period



| Report on the Compliance of | Covering the Period of |
|---|---|
| Account Number    23301 | February, 2005 |

J & J INTERIORS SPECIALTIES INC
214 PARK ST
BENSENVILLE, IL. 60106
(630)694-0700

[ Actual Pay Date ]

| Page Number |
|---|
| 29 of 33 |

| Total Discrepancies This Period |
|---|
| 1,293.25 Hours |

| Social Security Number | Employee Name | Hours Reported | 02/01 | 02/08 | 02/15 | 02/22 | Total | Cap Hours | Discrepancy Hours | Code |
|---|---|---|---|---|---|---|---|---|---|---|
| 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 | EARNEST, JAMES S | 0.00 | 93.50 | 25.50 | 41.00 | 0.00 | 0.00 | 160.00 | 175.00 | 160.00 | 503 |
| 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 | TAMEZ III, RALPH | 0.00 | 30.00 | 69.00 | 7.00 | 0.00 | 0.00 | 106.00 | 106.00 | 106.00 | 503 |
| 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 | S TAMEZ III, RALPH | 0.00 | 10.00 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 69.00 | 10.00 | 683 |

Total Hours This Page

Total Items Listed This Period :

Total Difference In Hours This Period :

PRELIMINARY FINDINGS

Attorney Copy