IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee on behalf of PAINTER'S DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JJ INTERIOR SPECIALTIES, INC. AND NORWOOD COMMERCIAL CONTRACTORS, INC. <br><br> Defendants Third-Party Plaintiffs, <br><br> v. <br><br> CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al., <br><br> Third-Party Defendants | Case No.: 08 CV 1934 <br><br> Judge St. Eve <br><br> Magistrate Judge Denlow |

**THIRD-PARTY DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS**

Third-Party Defendants, CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al., by and through their attorneys, Terrance B. McGann and Karen M. Rioux, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully submit its Reply Memorandum in Support of Its Rule 12(b)(6) Motion to Dismiss and in support thereof, state as follows:

## ARGUMENT

Third-Party Plaintiffs are seeking the refund of fringe benefit contributions, paid on behalf of its Carpenters Union employees, to the Carpenters' Trust Funds as part of a settlement agreement for delinquent contributions. JJ/Norwood's Amended Third-Party Complaint must be dismissed because it fails to allege that the contributions were made by mistake and further fails to allege the elements necessary to state a claim for equitable relief.

Under "the federal common law of ERISA," the Seventh Circuit has repeatedly upheld an employer's right to seek restitution for mistakenly paid benefit contributions. *Architectural Iron Workers, Local No. 63 Welfare Fund, et al., v. Lane-General Metal Works, Inc.*, 1997 U.S. Dist. LEXIS 12420, *9 (N.D. Ill. 1997) (citing *The Construction Industry Retirement Fund of Rockford v. Kasper Trucking, Inc.*, 10 F.3d 465, 467 (7th Cir. 1993); *UIU Severance Pay Trust Fund v. Local Unin No. 18-U*, 998 F.2d 509, 512 (7th Cir. 1993)). However, the employer is not automatically entitled to the return of payments simply because they were made by mistake. The principles of the law of restitution govern the employer's right to repayment. *Operating Engineers Local 139, et al., v. Gustafson Construction Corp.*, 258 F.3d 645, 651 (7th Cir. 2001).

In order to state a cause of action for restitution or unjust enrichment, the employer must allege that: 1) the Funds unjustly retained a benefit; 2) to the employer's detriment; 3) against the fundamental principles of justice, equity and good conscience.

2

*Architectural Iron Workers, Local No. 63 Welfare Fund, et al., v. Lane-General Metal Works, Inc.*, 1997 U.S. Dist. LEXIS 12420 at *10[1].

In the case at bar, it is unnecessary to even go so far as to analyze whether JJ/Norwood have properly alleged the elements necessary for a claim of unjust enrichment because they have failed to even allege that the payment made on behalf of its Carpenters Union employees was made by mistake. Indeed, by JJ/Norwood's own admission in Paragraph 6 of its Amended Third-Party Complaint, the contributions paid to the Carpenters' Trust Funds were paid as part of a settlement agreement regarding any and all alleged past due contributions worked by its employees. While Paragraph 8 alleges that some of its Carpenter Union employees may have also performed work which falls within the jurisdiction of the Painters Union, nowhere is it alleged that the payment made as a result of the settlement agreement was made by mistake. JJ/Norwood fail to allege that the payment to the Carpenters' Trust Funds was made by mistake because they know that the parties spent hours in Judge Denlow's courtroom working out the details of the settlement of the first audit. The settlement discussions focused on the categories of employees included in the first audit. JJ/Norwood were provided with a copy of the audit and could therefore identify the employees whose hours were part of the settlement. JJ/Norwood failed to allege that the payment to the Carpenters' Funds was a mistake and there is no set of facts upon which they could claim that the payment was mistakenly made. The Amended Third-Party Complaint should be dismissed for this reason alone since mistaken payments are the only grounds on which restitution would be considered.

---

[1] "Unjust enrichment" and "restitution" are essentially two different names for the same remedy. *Architectural Iron Workers, Local No. 63 Welfare Fund, et al., v. Lane-General Metal Works, Inc.*, 1997 U.S. Dist. LEXIS 12420 at *10, footnote 6.

However, even if this Court were to construe the Amended Third-Party Complaint to allege payment by mistake, this does not automatically entitle JJ/Norwood to reimbursement of the funds. *Id.* at *11; See also, *Operating Engineers Local 139, et al., v. Gustafson Construction Corp.*, 258 F.3d at 651. In *Architectural Iron Workers, Local No. 63*, the court dismissed the employer's claim for reimbursement of contributions mistakenly made because the employer failed to allege the elements necessary to support a claim of unjust enrichment. Specifically, the employer failed to allege: 1) that the union unjustly retained the benefits; 2) that it suffered a detriment because the union kept the contributions, and; 3) that the equities favor refunding the contributions at issue. *Architectural Iron Workers, Local No. 63 Welfare Fund, et al., v. Lane-General Metal Works, Inc.*, 1997 U.S. Dist. LEXIS 12420 at *11-15.

In addition to its failure to allege that its payment to the Carpenters' Trust Fund was made by mistake, JJ/Norwood fail to allege the three necessary elements of a claim for unjust enrichment. As stated above, the first element necessary to state a claim for unjust enrichment is the allegation that the benefits were unjustly retained. *Id.* at *10. In order to sufficiently allege an unjust retention of a benefit, the *Architectural Iron Workers* Court noted that the employer must identify an act or intent by the union which would establish unjust behavior. *Id.* at 12. Instead, the employer's allegations focused on its own conduct and its reasons for making the payments. *Id.*

Similarly, in the case at bar, JJ/Norwood have failed to allege any unjust act or intent on the part of the Carpenters' Trust Funds. Their Amended Third-Party Complaint focuses on its settlement agreement with the Carpenters' Funds and the fact that the Painters' Trust Funds are seeking delinquent contributions for a portion of the same time

4

period covered by the settlement agreement with the Carpenters. The fact that the Painters' Funds are now seeking contributions for hours of work performed by JJ/Norwood's carpenter employees is not sufficient to establish an allegation that the Carpenters' Funds unjustly retained the contributions paid as part of its settlement agreement with JJ/Norwood.

The second element necessary for a claim of unjust enrichment, that JJ/Norwood have failed to allege, is that they suffered a detriment as a result of the Carpenters' Funds retaining the contributions made as part of the settlement agreement. A detriment occurs when someone parts with something of value and receives no consideration in return. *Id.* at *13. The allegation of having suffered a detriment is an essential element of a claim for unjust enrichment and JJ/Norwood have simply failed to make even a bare bones allegation that they did not receive anything in return for their payment to the Carpenters' Funds pursuant to the settlement agreement. Nor can they in good faith make that allegation since they received the benefit of a compromise with respect to the amount of delinquent contributions owed and the benefit of no further litigation as a result of the settlement agreement.

Finally, JJ/Norwood's Amended Third-Party Complaint is simply devoid of any reference to the third element necessary for a claim of unjust enrichment; that the Carpenters' Funds have acted against the principles of justice, equity and good conscious by keeping the contributions made as part of the parties' settlement agreement.

## CONCLUSION

Under the plain language set forth in *Architectural Iron Workers, Local No. 63*, and the Seventh Circuit case law relied upon therein, JJ/Norwood's allegations contained in their Amended Third-Party Complaint fail to state a claim for unjust enrichment. Third-Party Defendant respectfully requests that this Court dismiss, with prejudice, the Amended Third-Party Complaint.

Respectfully submitted,

By: /s/ Karen M. Rioux
    One of the attorneys for Third-Party
    Defendants

Terrance B. McGann (6199967)
Karen M. Rioux (6279378)
Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago Illinois, 60601
(312) 251-9700 Fax (312) 251-9701

6