# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1934 | **DATE** | 8/7/2008 |
| **CASE TITLE** | Anderson et al. Vs. JJ Interior Specialties, Inc. Et al. | | |

**DOCKET ENTRY TEXT**

Third-party defendants' Rule 12(b)(6) motion to dismiss [35] is granted.

■[ For further details see text below.]      Notices mailed by Judicial staff.

## STATEMENT

    Before the Court is Third-Party Defendant Chicago Regional Council of Carpenters Pension Fund's ("the Carpenters' Fund") motion to dismiss Third-Party Plaintiffs JJ Interior Specialities, Inc.'s ("JJ Interior") and Norwood Commercial Contractors, Inc.'s ("Norwood") Third-Party Complaint. For the reasons below, the Court grants the Carpenters' Fund's motion without prejudice.

## BACKGROUND

    JJ Interior and Norwood (collectively "JJ/Norwood") are signatories to separate collective bargaining agreements with the Carpenter's Fund and the Painter's District Council Number 30 Health and Welfare Fund ("the Painters' Fund"). (R. 40-1, at 4.) Both of these agreements require JJ/Norwood to make certain contributions to funds managed by the Carpenters' Fund and the Painters' Fund based on the amount of carpentry and painting hours, respectively, worked by their employees.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

### I.     The Prior Lawsuit

In a prior lawsuit brought by the Carpenters' Fund against JJ/Norwood, the Carpenters' Fund alleged that it was owed past due contributions by JJ/Norwood under its collective bargaining agreement. (R. 34-1, at ¶ 2; R. 35-1, Ex. A.) That lawsuit was resolved by Magistrate Judge Denlow in a settlement conference, which resulted in a settlement agreement between the parties. (R. 34-1, at ¶ 5.) Specifically, the settlement agreement resolved "any and all alleged past due contributions for the hours worked by both Norwood and JJ Interior employees." (*Id*.) As part of the settlement agreement, JJ/Norwood agreed to pay a certain amount of contribution fees to the Carpenters' Fund. (R. 40-1 at 4.) These fees were based in part on an audit conducted by the Carpenters' Fund, which revealed that a number of JJ/Norwood's employees were performing carpentry work. (*Id*.) Neither party has provided the Court with a copy of the settlement agreement.

### II.    The Present Lawsuit

In this lawsuit, the Painters' Fund sued JJ/Norwood to collect past due contributions under the collective bargaining agreement between those parties. (R. 34-1, at ¶ 6.) JJ/Norwood then filed a Third-Party Complaint against the Carpenters' Fund, alleging that the Carpenters' Fund should be responsible for the debts claimed to be owed by JJ/Norwood to the Painters' Fund. It appears that JJ/Norwood is now claiming that it improperly paid contributions to the Carpenters' Fund, pursuant to the settlement agreement, because the companies' employees might actually have been performing painting work – not carpentry work. Although the legal theory is far from clear, JJ/Norwood appears to be alleging that the Carpenters' Fund is directly liable to the Painters' Fund for the mistaken payment. (R. 34-1, at ¶ 10 ("Third-Party Plaintiffs request that if found liable the Third-Party Defendant may be responsible for a portion or the entire amount, if this court enter any judgment [in] Plaintiffs favor.").)

## ANALYSIS

### I.     12(b)(6) Standard

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint." *Christensen v. County of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which is rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 506, 122 S. Ct. 992, 152 L.Ed. 2d 1 (2002) (quotation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007). Put differently, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 S.Ct. at 1974; *see also Limestone Dev. Corp. v. Village of Lemont, Ill*., 520 F.3d 797, 803 (7th Cir. 2008) (amount of factual allegations required to state a plausible claim for relief depends on complexity of legal theory). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S.Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

### II.    JJ/Norwood's Allegations

JJ/Norwood's Third-Party Complaint is woefully vague in describing the legal theory for which it seeks to hold the Carpenters' Fund liable. While it is true that a complaint need not state the proper legal theory, *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir.1992), it must state *some* plausible claim. In

its motion to dismiss, the Carpenters' Fund argues that "there is no basis in fact or law upon which relief" could be granted to JJ/Norwood in this action. The Court ultimately agrees with the Carpenters' Fund, but first addresses several potential – albeit ultimately unsuccessful – claims that JJ/Norwood might have attempted to allege.

First, JJ/Norwood appears to argue that under a theory of equitable restitution, the Carpenters' Fund should not be permitted to retain any funds to which it was not actually entitled. Courts have recognized a general theory of restitution in ERISA cases where an employer overpays a fund. *See, e.g.*, *Operating Engineers Local 139 Health Benefit Fund v. Gustafson Const. Corp.*, 258 F.3d 645, 651 (7th Cir. 2001). Here, however, JJ/Norwood claims that the Carpenters' Fund owes money to the Painters' Fund – a purported theory that JJ/Norwood has failed to support with legal authority. In addition, JJ/Norwood entered into a binding settlement agreement with the Carpenters' Fund dispensing of "all issues and controversies" between the parties in exchange for not having to litigate these issues any further. It would be inequitable to allow JJ/Norwood to take back their consideration while allowing them to retain their benefit. *See id.* ("If restitution would be inequitable, as where the payor obtained a benefit that he intends to retain from the payment that he made and now seeks to take back, it is refused."). The Court cannot discern a plausible legal theory for restitution where, as alleged here, JJ/Norwood received a benefit in exchange for what it now seeks to take back.

It may be that JJ/Norwood believes some reason exists whereby the Court should not enforce the settlement agreement. Under Illinois law, however, absent mistake or fraud, a settlement is presumed to be valid and conclusive on the parties thereto as to all matters included therein.[1] *See Cameron v. Bogusz*, 305 Ill.App.3d 267, 272 (Ill. App. Ct. 1999). But JJ/Norwood made no allegations which could plausibly invoke theories of fraud, misrepresentation, or concealment to invalidate the settlement agreement. It is also true that in some circumstances an agreement may be avoided if both parties are harboring under a mutual mistake of fact. *See id.* ("In the event of a mutual mistake of fact as to a material matter affecting the substance of the transaction an agreement may be rescinded."). But here, Plaintiff has alleged no facts which make a theory of mutual mistake plausible. Moreover, a unilateral mistake does not void a settlement agreement. *Zilberstein v. Kendall College*, 07-1932, 2008 U.S. App. LEXIS 14442, at *4 (7th Cir. July 7, 2008) (citing *Stover v. Mitchell*, 45 Ill. 213, 215-16 (1867) and *Kim v. Alvey, Inc.*, 322 Ill. App. 3d 657, 749 N.E.2d 368, 378, 255 Ill. Dec. 267 (Ill. App. Ct. 2001)).

Or it could be that JJ/Norwood believes that the Carpenters' Fund owes the Painters' Fund some independent duty. While JJ/Norwood does allege that if its employees were performing painting work and not carpentry work, "any and all contributions paid by [JJ/Norwood] to the [Carpenters' Fund] on behalf of those individuals . . . should be reimbursed by the [Carpenters' Fund] to the [Painters' Fund]," JJ/Norwood has failed to allege a plausible claim that the Carpenters' Fund owes a duty (of any sort) to the Painters' Fund. The Court cannot plausibly speculate the existence of facts suggesting that the Carpenters' Fund owes a duty of indemnification, or some other independent legal or equitable obligation, to compensate the Painters' Fund for moneys owed by JJ/Norwood.

## CONCLUSION

JJ/Norwood has failed to allege any basis upon which the Court could conceivably hold the Carpenters' Fund liable. As such, dismisses JJ/Norwood's claim, without prejudice.

---

[1] "Issues regarding the formation, construction, and enforceability of a settlement agreement are governed by local contract law." *Pohl v. United Airlines, Inc.*, 213 F.3d 336, 338 (7th Cir. 2000). Although the Court does not definitively rule on the choice of law issue, it appears that Illinois law governs the formation of the settlement agreement.