IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee on behalf of PAINTER'S DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, PAINTER'S and, NORTHERN ILLINOIS PAINTERS, DECORATORS AND DRYWALL FINISHERS JOINT APPRENTICESHIP AND TRAINING FUND, et al., ) ) ) ) ) ) ) ) | ) Case No: 08 CV 1934 |
| Plaintiffs, ) | ) Judge St. Eve |
| v. ) | ) Magistrate Judge Denlow |
| JJ INTERIOR SPECIALTIES, INC. and NORWOOD COMMERCIAL CONTRACTORS, INC., ) ) ) ) | |
| Defendants ) Third-Party Plaintiff ) | |
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, and Their Trustees, et al., ) ) ) ) | |
| Third-Party Defendant. ) | |

**MOTION FOR SANCTIONS AGAINST THIRD-PARTY PLAINTIFFS, WALTER J. LISZKA, SEAN F. DARKE AND THE LAW FIRM OF WESSELS & PAUTSCH**

Third-Party Defendants, Trustees of the Chicago Regional Council of Carpenters Pension Fund, et al., by their attorneys and pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927, respectfully move this Court to impose sanctions against Third-Party Plaintiffs, Walter J. Liszka, Sean F. Darke and the law firm of Wessels & Pautsch for asserting claims against the Trustees of the Chicago Regional Council of Carpenters Pension Fund, et al., without investigating the applicable law or facts. In support of this Motion, Third-Party Defendants state as follows:

## BACKGROUND

1. JJ Interiors was signatory to a collective bargaining agreement with the Chicago Regional Council of Carpenters that required signatory contractors to make contributions to the Trust Funds for each hour worked by its carpenter employees. On March 2, 2006, Trustees of the Chicago Regional Council of Carpenters, filed suit against JJ Interiors and Norwood Commercial Contractors, alleging that Norwood was the alter ego of JJ Interiors, and was therefore bound to the terms and provisions of the collective bargaining agreement between JJ Interiors and the Chicago Regional Council of Carpenters. (Case Number 06 C 1145).

2. After filing suit and obtaining the books and records of Norwood Commercial Contractors, the Fund's auditors issued a report of preliminary findings for the time period of January, 2003 through June, 2005, detailing the delinquent contributions owed to the Carpenters' Trust Funds based on the hours worked by the employees of JJ/Norwood.

3. On October 17, 2007, the parties participated in a settlement conference with Judge Denlow. As a result of the settlement conference, the parties reached an agreement regarding any and all alleged past due contributions for the hours worked by both JJ and Norwood employees. In addition to settling the amount of contributions owed as a result of the January, 2003 through June, 2005 audit, the parties agreed that there would be a second audit covering the period of July, 2005 through December, 2007.

4. The settlement of the first audit included past due contributions based on the hours worked by Ralph Tamez, James Earnest and Joe Earnest, among others. The hours worked by Ralph Tamez, James Earnest and Joe Earnest were included in the settlement of the first audit because those employees had, in the past, been reported to Carpenters' Trust Funds by JJ Interiors. The hours worked by Abel Mariscal were not included in the Carpenters' first audit

2

covering the period of January, 2003 through June, 2005, and were not part of the delinquent contributions paid by JJ/Norwood pursuant to the Settlement Agreement.

5. The second audit of JJ/Norwood, covering the period of July, 2005 through December, 2007 was completed on April 15, 2008. JJ/Norwood disputed the findings of the second audit. They argued that, according to the terms of the Settlement Agreement, they were only responsible for past due contributions based on the hours worked for JJ Interiors and not for the hours worked on behalf of Norwood.

6. On April 28, 2008, Trustees of the Painters District Council No. 30, filed suit against JJ Interior Specialties Inc. and Norwood Commercial Contractors ("JJ/Norwood") to collect delinquent employee benefit fund contributions. The time period covered by the Painters' audit overlapped the period covered by Carpenters' first and second audit. In addition, the Painters were seeking contributions for some of the hours worked by employees included in the Carpenters' audits.

7. As a result of the dispute over the terms of the Settlement Agreement, on April 29, 2008, the Carpenters' Trust Funds filed a Motion to Enforce the Settlement Agreement. That same day, JJ/Norwood filed a Third-Party Complaint, alleging that the Carpenters' Trust Funds were liable to the Painters' Trust Funds for delinquent contributions for hours worked by Able Mariscal, one of the JJ/Norwood employees for whom the Painters' Funds were seeking delinquent contributions.

8. The proximity in time between the Carpenters' Motion to Enforce and JJ/Norwood's Third-Party Complaint suggests that the Third-Party Complaint was filed in an effort to force the Carpenters to retreat from their attempt to collect over $500,000 in delinquent contributions found to be owed as a result of the second audit.

9. On May 23, 2008, the Carpenters' Funds filed a Motion to Dismiss JJ/Norwood's Third-Party Complaint. The Carpenters argued that JJ/Norwood were essentially seeking the reimbursement of contributions that it had never paid to the Carpenters' Funds because Abel Mariscal's hours were not included in the settlement of the first audit, and the results of the second audit were in dispute. The Carpenters' Funds also sent a Rule 11 "Safe Harbor" letter accompanied by a Rule 11 Motion for Sanctions, informing JJ/Norwood that there was no basis in law or fact upon which they could seek reimbursement of contributions, especially ones that they had not paid. (Exhibit A)

10. Based on the issues raised in the Carpenters' first Motion to Dismiss, on June 12, 2008, JJ/Norwood filed an Amended Third-Party Compliant. The Amended Third-Party Compliant, however, failed to cure the legal and factual deficiencies of the first complaint, and made additional claims for which there was no basis in fact or law. In addition to seeking reimbursement of contributions on behalf of Able Mariscal that were never paid because they were part of the disputed second audit, the Amended Third-Party Complaint sought the reimbursement of contributions that were paid on behalf of Ralph Tamez, James Earnest and Joe Earnest as part of the Settlement Agreement reached on October 17, 2007 with Judge Denlow.

11. On June 13, 2008, Judge Denlow denied the Carpenters' Motion to Enforce the Settlement Agreement. Judge Denlow ruled that the hours of work performed on behalf of Norwood were not part of the parties' Settlement Agreement. Therefore, JJ/Norwood were not liable for past due contributions owed on behalf of Able Mariscal as a result of the Carpenters' second audit.

12. On June 19, 2008, Third-Party Defendants filed its Motion to Dismiss the Amended Third-Party Complaint.

13. On June 25, 2008, counsel for Third-Party Defendants served Mr. Liszka and the Law Firm of Wessels & Pautsch with a second "Safe Harbor" letter and a copy of a Motion for Sanctions, pursuant to the requirements of Rule 11 of the Federal Rules of Civil Procedure. (Exhibit B). The Rule 11 correspondence thoroughly outlined the factual and legal flaws contained in the Amended Third-Party Complaint and demanded that the claims against the Trustees of the Chicago Regional Council Pension Fund, et al., be withdrawn in twenty-one (21) days. Mr. Liszka and Mr. Darke, however, refused to withdraw their Third-Party Complaint.

14. On August 7, 2008, this Court granted the Carpenters' Fund's Motion to Dismiss the Amended Third-Party Complaint. (Exhibit C). The Court agreed with the Carpenters' Funds stating there was no basis in law or fact upon which relief could be granted, calling JJ/Norwood's Amended Third-Party Complaint "woefully vague in describing the legal theory for which it seeks to hold the Carpenters' Funds liable." While it dismissed the Amended Third-Party Complaint without prejudice, JJ/Norwood have elected not to file a Second Amended Third-Party Complaint.

## **ARGUMENT**

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, the presence of a signature on a pleading or a motion is a certificate that:

1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

3) the allegations and other factual contentions have evidentiary support, or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4) the denials of factual contentions are warranted on the evidence or, if

5

>specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ P. 11. Parties or attorneys who violate the rule are subject to sanctions such as "an order to pay…the amount of the reasonable expenses incurred because of the filing…including a reasonably attorney's fee." *Retired Chicago Police Assn. v. Firemen's Annuity and Benefit Fund*, 145 F.3d 929, 933 (7th Cir. 1998). "Counsel may not drop papers into the hopper and insist that the court or opposing counsel undertake bothersome factual and legal investigation." *Retired Chicago Police Assn. v. Firemen's Annuity and Benefit Fund*, 145 F.3d at 934 (quoting *Mars Steel Corp. v. Continental Bank*, 880 F.2d 928, 932 (7th Cir. 1989).

28 U.S.C. § 1927 provides that "any attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Dal Pozzo v. Basic Machinery Co. Inc., et al.* 463 F.3d 609 at 614 (7th Cir. 2006). "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Dal Pozzo v. Basic Machinery Co. Inc., et al.* 463 F.3d at 614.

A reasonable investigation in the case at bar should have included a review of the applicable case law as well as a review of the evidence cited in the Amended Third-Party Complaint. It is apparent that neither Mr. Liszka nor Mr. Darke performed this simple task before filing the Amend Third-Party Complaint and then chose to ignore their errors which were brought to their attention in Third-Party Defendants' June 25, 2008 Safe Harbor letter. Third-Party Defendants' June 25, 2008 correspondence informed the attorneys for JJ/Norwood that the applicable case law under ERISA does not establish a cause of action by which employers may

6

seek to compel a refund of contributions, especially when those contributions were made as part of a settlement agreement.

Third-Party Plaintiffs' insistence on maintaining this frivolous action clearly satisfies the standard for objective bad faith. Even after it was brought to their attention that the law does not allow the relief they are seeking and the evidence cited does not support their allegations, they continued to maintain their action for the reimbursement of fringe benefit contributions that were paid pursuant to the parties' Settlement Agreement.

As a result, Third-Party Defendants were required to defend both the original Third-Party Complaint and the Amended Third-Party Complaint at considerable time and expense. Third-Party Defendants' attorney fees and costs total $11,482.50. (Exhibit D) These fees and costs are reasonable in light of the fact that the Carpenters were forced to file motions to dismiss and Rule 11 motions for both the original Third-Party Complaint and the Amended Third-Party Complaint. In addition, because JJ/Norwood sought the reimbursement of contributions that were part of a settlement agreement in a previous lawsuit, the Carpenters' Funds were required to file a motion to Extend the Time to Reinstate and appear before Judge Denlow for argument on that motion.

Sanctions against Third-Party Plaintiffs, Mr. Liszka, Mr. Darke and the law firm of Wessels & Pautsch are appropriate pursuant to Rule 11 and 28 U.S.C. § 1927 because: (1) Third-Party Plaintiffs have filed a completely frivolous and factually baseless Third-Party Complaint against the Trustees of the Carpenters Trust Funds; (2) Third-Party Plaintiffs seek relief against the Trustees of the Carpenters Trust Funds that is not warranted by any existing law; and (3) Third-Party Plaintiffs have presented evidence to this Court that, on its face, does not support the allegations made in the Third-Party Complaint.

WHEREFORE, Third-Party Defendants respectfully request that this Court enter sanctions against Third-Party Plaintiffs, Mr. Walter J. Liszka, Mr. Sean F. Darke and the law firm of Wessels & Pautsch, pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927, and award Third-Party Defendants the reasonably attorneys' fees and costs that they have incurred defending against Third-Party Plaintiffs' baseless claims and preparing this Motion.  Further, that this Court award Third-Party Defendants other relief as may be appropriate under the circumstances.

                          Respectfully submitted,

                          By: /s/ Karen M. Rioux
                              One of the attorneys for Third-Party Defendants

Terrance B. McGann (6199967)
Raymond J. Sanguinetti (6244798)
Gregory N. Freerksen (0874612)
Karen M. Rioux (6279378)
Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago Illinois, 60601
(312) 251-9700 Fax (312) 251-9701