**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES E. ANDERSON, Trustee on behalf of  PAINTER'S DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, PAINTER'S and, NORTHERN ILLINOIS PAINTERS, DECORATORS AND DRYWALL FINISHERS JOINT APPRENTICESHIP AND TRAINING FUND, et al., | ) ) ) ) ) ) ) ) | Case No: 08 CV 1934 |
| Plaintiffs, | ) ) | Judge St. Eve |
| v. | ) ) | Magistrate Judge Denlow |
| JJ INTERIOR SPECIALTIES, INC. and NORWOOD COMMERCIAL CONTRACTORS, INC., | ) ) ) ) | |
| Defendants Third-Party Plaintiff | ) ) ) | |
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, and Their Trustees, et al., | ) ) ) ) ) | |
| Third-Party Defendant. | ) | |

**MOTION FOR SANCTIONS AGAINST THIRD-PARTY PLAINTIFFS, WALTER J. LISZKA, SEAN F. DARKE AND THE LAW FIRM OF WESSELS & PAUTSCH**

Third-Party Defendants, Trustees of the Chicago Regional Council of Carpenters Pension Fund, et al., by their attorneys and pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927, respectfully move this Court to impose sanctions against Third-Party Plaintiffs, Walter J. Liszka, Sean F. Darke and the law firm of Wessels & Pautsch for asserting claims against the Trustees of the Chicago Regional Council of Carpenters Pension Fund, et al., without investigating the applicable law or facts.  In support of this Motion, Third-Party Defendants state as follows:

## BACKGROUND

1.      JJ Interiors was signatory to a collective bargaining agreement with the Chicago

Regional Council of Carpenters that required signatory contractors to make contributions to the

Trust Funds for each hour worked by its carpenter employees.  On March 2, 2006, Trustees of

the Chicago Regional Council of Carpenters, filed suit against JJ Interiors and Norwood

Commercial Contractors, alleging that Norwood was the alter ego of JJ Interiors, and was

therefore bound to the terms and provisions of the collective bargaining agreement between JJ

Interiors and the Chicago Regional Council of Carpenters. (Case Number 06 C 1145).

2.      After filing suit and obtaining the books and records of Norwood Commercial

Contractors, the Fund's auditors issued a report of preliminary findings for the time period of

January, 2003 through June, 2005, detailing the delinquent contributions owed to the Carpenters'

Trust Funds based on the hours worked by the employees of JJ/Norwood.

3.      On October 17, 2007, the parties participated in a settlement conference with

Judge Denlow.  As a result of the settlement conference, the parties reached an agreement

regarding any and all alleged past due contributions for the hours worked by both JJ and

Norwood employees.  In addition to settling the amount of contributions owed as a result of the

January, 2003 through June, 2005 audit, the parties agreed that there would be a second audit

covering the period of July, 2005 through December, 2007.

4.      The settlement of the first audit included past due contributions based on the

hours worked by Ralph Tamez, James Earnest and Joe Earnest, among others.  The hours worked

by Ralph Tamez, James Earnest and Joe Earnest were included in the settlement of the first audit

because those employees had, in the past, been reported to Carpenters' Trust Funds by JJ

Interiors.  The hours worked by Abel Mariscal were not included in the Carpenters' first audit

2

covering the period of January, 2003 through June, 2005, and were not part of the delinquent contributions paid by JJ/Norwood pursuant to the Settlement Agreement.

5.     The second audit of JJ/Norwood, covering the period of July, 2005 through December, 2007 was completed on April 15, 2008.  JJ/Norwood disputed the findings of the second audit.  They argued that, according to the terms of the Settlement Agreement, they were only responsible for past due contributions based on the hours worked for JJ Interiors and not for the hours worked on behalf of Norwood.

6.     On April 28, 2008, Trustees of the Painters District Council No. 30, filed suit against JJ Interior Specialties Inc. and Norwood Commercial Contractors ("JJ/Norwood") to collect delinquent employee benefit fund contributions.  The time period covered by the Painters' audit overlapped the period covered by Carpenters' first and second audit.  In addition, the Painters were seeking contributions for some of the hours worked by employees included in the Carpenters' audits.

7.     As a result of the dispute over the terms of the Settlement Agreement, on April 29, 2008, the Carpenters' Trust Funds filed a Motion to Enforce the Settlement Agreement.  That same day, JJ/Norwood filed a Third-Party Complaint, alleging that the Carpenters' Trust Funds were liable to the Painters' Trust Funds for delinquent contributions for hours worked by Able Mariscal, one of the JJ/Norwood employees for whom the Painters' Funds were seeking delinquent contributions.

8.     The proximity in time between the Carpenters' Motion to Enforce and JJ/Norwood's Third-Party Complaint suggests that the Third-Party Complaint was filed in an effort to force the Carpenters to retreat from their attempt to collect over $500,000 in delinquent contributions found to be owed as a result of the second audit.

9.      On May 23, 2008, the Carpenters' Funds filed a Motion to Dismiss JJ/Norwood's Third-Party Complaint.  The Carpenters argued that JJ/Norwood were essentially seeking the reimbursement of contributions that it had never paid to the Carpenters' Funds because Abel Mariscal's hours were not included in the settlement of the first audit, and the results of the second audit were in dispute.  The Carpenters' Funds also sent a Rule 11 "Safe Harbor" letter accompanied by a Rule 11 Motion for Sanctions, informing JJ/Norwood that there was no basis in law or fact upon which they could seek reimbursement of contributions, especially ones that they had not paid.  (Exhibit A)

10.      Based on the issues raised in the Carpenters' first Motion to Dismiss, on June 12, 2008, JJ/Norwood filed an Amended Third-Party Compliant.  The Amended Third-Party Compliant, however, failed to cure the legal and factual deficiencies of the first complaint, and made additional claims for which there was no basis in fact or law.  In addition to seeking reimbursement of contributions on behalf of Able Mariscal that were never paid because they were part of the disputed second audit, the Amended Third-Party Complaint sought the reimbursement of contributions that were paid on behalf of Ralph Tamez, James Earnest and Joe Earnest as part of the Settlement Agreement reached on October 17, 2007 with Judge Denlow.

11.      On June 13, 2008, Judge Denlow denied the Carpenters' Motion to Enforce the Settlement Agreement.  Judge Denlow ruled that the hours of work performed on behalf of Norwood were not part of the parties' Settlement Agreement.  Therefore, JJ/Norwood were not liable for past due contributions owed on behalf of Able Mariscal as a result of the Carpenters' second audit.

12.      On June 19, 2008, Third-Party Defendants filed its Motion to Dismiss the Amended Third-Party Complaint.

13.     On June 25, 2008, counsel for Third-Party Defendants served Mr. Liszka and the Law Firm of Wessels & Pautsch with a second "Safe Harbor" letter and a copy of a Motion for Sanctions, pursuant to the requirements of Rule 11 of the Federal Rules of Civil Procedure. (Exhibit B).  The Rule 11 correspondence thoroughly outlined the factual and legal flaws contained in the Amended Third-Party Complaint and demanded that the claims against the Trustees of the Chicago Regional Council Pension Fund, et al., be withdrawn in twenty-one (21) days.  Mr. Liszka and Mr. Darke, however, refused to withdraw their Third-Party Complaint.

14.     On August 7, 2008, this Court granted the Carpenters' Fund's Motion to Dismiss the Amended Third-Party Complaint.  (Exhibit C).  The Court agreed with the Carpenters' Funds stating there was no basis in law or fact upon which relief could be granted, calling JJ/Norwood's Amended Third-Party Complaint "woefully vague in describing the legal theory for which it seeks to hold the Carpenters' Funds liable."  While it dismissed the Amended Third-Party Complaint without prejudice, JJ/Norwood have elected not to file a Second Amended Third-Party Complaint.

## **ARGUMENT**

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, the presence of a signature on a pleading or a motion is a certificate that:

1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

3) the allegations and other factual contentions have evidentiary support, or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4) the denials of factual contentions are warranted on the evidence or, if

specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ P. 11.  Parties or attorneys who violate the rule are subject to sanctions such as "an order to pay…the amount of the reasonable expenses incurred because of the filing…including a reasonably attorney's fee." *Retired Chicago Police Assn. v. Firemen's Annuity and Benefit Fund*, 145 F.3d 929, 933 (7th Cir. 1998).  "Counsel may not drop papers into the hopper and insist that the court or opposing counsel undertake bothersome factual and legal investigation." *Retired Chicago Police Assn. v. Firemen's Annuity and Benefit Fund*, 145 F.3d at 934 (quoting *Mars Steel Corp. v. Continental Bank*, 880 F.2d 928, 932 (7th Cir. 1989).

28 U.S.C. § 1927 provides that "any attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  *Dal Pozzo v. Basic Machinery Co. Inc., et al.* 463 F.3d 609 at 614 (7th Cir. 2006).  "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious."  *Dal Pozzo v. Basic Machinery Co. Inc., et al.* 463 F.3d at 614.

A reasonable investigation in the case at bar should have included a review of the applicable case law as well as a review of the evidence cited in the Amended Third-Party Complaint.  It is apparent that neither Mr. Liszka nor Mr. Darke performed this simple task before filing the Amend Third-Party Complaint and then chose to ignore their errors which were brought to their attention in Third-Party Defendants' June 25, 2008 Safe Harbor letter.  Third-Party Defendants' June 25, 2008 correspondence informed the attorneys for JJ/Norwood that the applicable case law under ERISA does not establish a cause of action by which employers may

seek to compel a refund of contributions, especially when those contributions were made as part of a settlement agreement.

Third-Party Plaintiffs' insistence on maintaining this frivolous action clearly satisfies the standard for objective bad faith. Even after it was brought to their attention that the law does not allow the relief they are seeking and the evidence cited does not support their allegations, they continued to maintain their action for the reimbursement of fringe benefit contributions that were paid pursuant to the parties' Settlement Agreement.

As a result, Third-Party Defendants were required to defend both the original Third-Party Complaint and the Amended Third-Party Complaint at considerable time and expense. Third-Party Defendants' attorney fees and costs total $11,482.50. (Exhibit D) These fees and costs are reasonable in light of the fact that the Carpenters were forced to file motions to dismiss and Rule 11 motions for both the original Third-Party Complaint and the Amended Third-Party Complaint. In addition, because JJ/Norwood sought the reimbursement of contributions that were part of a settlement agreement in a previous lawsuit, the Carpenters' Funds were required to file a motion to Extend the Time to Reinstate and appear before Judge Denlow for argument on that motion.

Sanctions against Third-Party Plaintiffs, Mr. Liszka, Mr. Darke and the law firm of Wessels & Pautsch are appropriate pursuant to Rule 11 and  28 U.S.C. § 1927 because: (1) Third-Party Plaintiffs have filed a completely frivolous and factually baseless Third-Party Complaint against the Trustees of the Carpenters Trust Funds; (2) Third-Party Plaintiffs seek relief against the Trustees of the Carpenters Trust Funds that is not warranted by any existing law; and (3) Third-Party Plaintiffs have presented evidence to this Court that, on its face, does not support the allegations made in the Third-Party Complaint.

WHEREFORE, Third-Party Defendants respectfully request that this Court enter sanctions against Third-Party Plaintiffs, Mr. Walter J. Liszka, Mr. Sean F. Darke and the law firm of Wessels & Pautsch, pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927, and award Third-Party Defendants the reasonably attorneys' fees and costs that they have incurred defending against Third-Party Plaintiffs' baseless claims and preparing this Motion.  Further, that this Court award Third-Party Defendants other relief as may be appropriate under the circumstances.

Respectfully submitted,


By: /s/ Karen M. Rioux_____
    One of the attorneys for Third-Party
    Defendants


Terrance B. McGann (6199967)
Raymond J. Sanguinetti (6244798)
Gregory N. Freerksen (0874612)
Karen M. Rioux (6279378)
Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago Illinois, 60601
(312) 251-9700 Fax (312) 251-9701

# EXHIBIT A

# WHITFIELD, McGANN & KETTERMAN

Attorneys at Law

Collins P. Whitfield*
Terrance B. McGann
Travis J. Ketterman

Amy E. Paluch Epton
Gregory N. Freerksen
Karl E. Masters
Daniel P. McAnally
Guy Z. Prihar, Ph.D.
Karen M. Rioux
Raymond J. Sanguinetti
Leonard D. Saphire-Bernstein

  *Also Licensed in Wisconsin
**Also Licensed in Pennsylvania
    New Jersey

Of Counsel
Goldberg, Weisman & Cairo
Dianne M. Onichimowski**
Kenneth J. Cortesi
Mark A. Spadoro



SUITE 2600
111 EAST WACKER DRIVE
CHICAGO, ILLINOIS 60601
TELEPHONE (312) 251-9700
FACSIMILE (312) 251-9701

 445

May 21, 2008

**Via Facsimile (312) 629-9301 & Hand Delivery**

Walter J. Liszka
Wessels & Pautsch, P.C.
Chicago Bar Association Building
321 South Plymouth Court, Suite 900
Chicago, IL 60604

Re:    Anderson, et al. v. JJ Interior Specialties, Inc., et al. v. Chicago Regional Council
       of Carpenters Pension Fund, et al.
       Case No. 08 C 1934

Dear Mr. Liszka:

This letter is written pursuant to Rule 11 of the Federal Rules of Civil Procedure. The purpose of this letter is to inform you that the Third-Party Complaint filed against the Chicago Regional Council of Carpenters Pension Fund, et al., has no factual or legal basis. If you do not voluntarily dismiss the Third-Party Complaint within twenty-one (21) days of your receipt of this letter, the Trustees of the Carpenters' Trust Funds will file the attached Motion and seek all available sanctions against your firm and JJ/Norwood.

Specifically, it is clear that neither you, nor Mr. Darke performed a proper investigation into the relevant facts and applicable law before filing the Third-Party Complaint. Your complaint alleges that JJ/Norwood paid contributions to the Carpenters' Trust Funds on behalf of Able Mariscal as a result of the first audit covering the period of March, 2003 through June, 2005. However, even a brief review of the

employees covered in the Carpenters' first audit would have revealed that hours worked by Mr. Mariscal were not included in that audit.

The hours worked by Mr. Mariscal on behalf of Norwood are, however, included in the second audit covering the period of July, 2005 through December, 2007. As you well know, JJ/Norwood have not yet paid the delinquent contributions found to be owed as a result of the second audit. Further, the attached Motion also informs the Court that Exhibit 4 of the Third-Party Complaint purports to show that contributions on behalf of Mr. Mariscal were paid by JJ/Norwood as a result of the first audit. However, Exhibit 4 is actually taken from the second audit, for which no delinquent contributions have been paid.

In essence, your Third-Party Complaint seeks the return of contributions that have not yet been paid. You have no standing to assert such a claim and must, therefore, dismiss the Third-Party Complaint.

Even if contributions had been paid to the Carpenters' Trust Funds on behalf of Mr. Mariscal, there is no applicable law that supports your contention that the Carpenters are liable for the return of those contributions. Mr. Mariscal was identified as a painter by JJ Interior and as a carpenter by Norwood. The settlement of the first audit was based on work performed on behalf of Norwood under the theory that it was the alter ego of JJ Interior, and therefore bound to the terms of the collective bargaining agreement with the Carpenters Union. The law in the Seventh Circuit is clear that an employer who is bound by collective bargaining agreements with two separate unions with overlapping jurisdiction is liable for contributions to both unions' trust funds under the terms of the agreements. *Trustees of the Glaziers Local Union No. 27, et al., v. Glas Masters Ltd.*, 99 Fed. Appx. 740, 741-742 (7th Cir. 2004). Further, JJ/Norwood can not evade the terms of its collective bargaining agreement with the Carpenters Union by assigning carpentry work to nonunion employees or members of another union. Therefore, even if contributions had been paid to the Carpenters on behalf of Mr. Mariscal, JJ/Norwood may still be liable to the Painters' Funds for the same contributions.

Currently, however, this is not a controversy in dispute because Mr. Mariscal's hours were not included in the Carpenters' first audit, and JJ/Norwood have not paid any delinquent contributions as a result of the second audit. If you do not withdraw your Third-Party Complaint before the end of the "safe-harbor" period, we will file the attached Motion for Sanctions against your firm and JJ/Norwood and seek any and all remedies available under Rule 11 and 28 U.S.C. § 1927.

Very truly yours,

Karen M. Rioux

cc:     James Rosemeyer

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES E. ANDERSON, Trustee on behalf of PAINTER'S DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, PAINTER'S and, NORTHERN ILLINOIS PAINTERS, DECORATORS AND DRYWALL FINISHERS JOINT APPRENTICESHIP AND TRAINING FUND, et al., | ) ) ) ) ) ) ) | |
| | ) | Case No: 08 CV 1934 |
| Plaintiffs, | ) ) | Judge St. Eve |
| v. | ) ) | Magistrate Judge Denlow |
| JJ INTERIOR SPECIALTIES, INC. and NORWOOD COMMERCIAL CONTRACTORS, INC., | ) ) ) ) | |
| Defendants Third-Party Plaintiff | ) ) ) | |
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, and Their Trustees, et al., | ) ) ) ) | |
| Third-Party Defendant. | ) ) | |

**MOTION FOR SANCTIONS AGAINST THIRD-PARTY PLAINTIFFS, WALTER J. LISZKA, SEAN F. DARKE AND THE LAW FIRM OF WESSELS & PAUTSCH**

Third-Party Defendants, Trustees of the Chicago Regional Council of Carpenters Pension Fund, et al., by their attorneys and pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927, respectfully move this Court to impose sanctions against Third-Party Plaintiffs, Walter J. Liszka, Sean F. Darke and the law firm of Wessels & Pautsch for asserting claims against the Trustees of the Chicago Regional Council of Carpenters Pension Fund, et al., without basis in law or fact and solely for the purpose of harassment. In support of this Motion, Third-Party Defendants sate as follows:

## INTRODUCTION

1.      On April 28, 2008, Trustees of the Painters District Council No. 30, filed suit

against JJ Interior Specialties Inc. and Norwood Commercial Contractors ("JJ/Norwood") to

collect delinquent employee benefit fund contributions.  On April 29, 2008, JJ/Norwood filed a

Third-Party Complaint against the Trustees of the Chicago Regional Council of Carpenters

Pension Fund, et al., ("Carpenters' Trust Funds") alleging that the delinquent contributions

sought by the Painters on behalf of JJ/Norwood employee, Abel Mariscal, have already been

paid to the Carpenters' Trust Funds.  Therefore, according to the Third-Party Complaint,

JJ/Norwood are seeking a judgment against the Carpenters' Trust Funds if JJ/Norwood are found

liable to the Painters' Trust Funds for delinquent contribution on behalf of Mr. Mariscal.

2.      As discussed in detail below, JJ/Norwood have never paid contributions on behalf

of Mr. Mariscal to the Carpenters' Trust Funds.  Mr. Liszka and Mr. Darke, the attorneys for

JJ/Norwood failed to perform the necessary investigation before filing their Third-Party

Complaint. The Third-Party Complaint is without basis in fact or warranted by existing law and

sanctions under Rule 11 and 28 U.S.C. § 1927 are appropriate against Mr. Liszka, Mr. Darke and

the law firm of Wessels & Pautsch.

## BACKGROUND

3.      JJ Interiors is signatory to a collective bargaining agreement with the Chicago

Regional Council of Carpenters that requires signatory contractors to make contributions to the

Trust Funds for each hour worked by its carpenter employees.  On March 2, 2006, Trustees of

the Chicago Regional Council of Carpenters, filed suit against JJ Interiors and Norwood

Commercial Contractors, alleging that Norwood was the alter ego of JJ Interiors, and was

2

therefore bound to the terms and provisions of the collective bargaining agreement between JJ Interiors and the Chicago Regional Council of Carpenters. (Case Number 06 C 1145).

4.      After filing suit and obtaining the books and records of Norwood Commercial Contractors, the Fund's auditors issued a report of preliminary findings for the time period of March, 2003 through June, 2005, detailing the delinquent contributions owed to the Carpenters' Trust Funds for bargaining unit work performed by the employees of JJ Interiors and Norwood. (Exhibit A, Norwood Audit 3/03-6/05 & Exhibit B, JJ Audit, 3/03-6/05).

5.      On October 17, 2007, the parties participated in a settlement conference with Judge Denlow.  As a result of the settlement conference, the parties reached an agreement regarding any and all alleged past due contributions for the hours worked by both JJ and Norwood employees.  In addition to settling the amount of contributions owed as a result of the March, 2003 through June, 2005 audit, the parties agreed that there would be a second audit covering the period of July, 2005 through December, 2007.

6.      Contrary to JJ/Norwood's assertion in Paragraphs 7 and 8 of the Third-Party Complaint, the hours worked by Abel Mariscal were not included in the Carpenters' first audit covering the period of March, 2003 through June, 2005, and were not part of the delinquent contributions paid by JJ/Norwood pursuant to the Settlement Agreement.  (Exhibits A & B)

7.      The second audit of JJ/Norwood, covering the period of July, 2005 through December, 2007 was completed on April 15, 2008.  According to the second audit report, Able Mariscal worked for both JJ Interiors and Norwood Commercial Contractors during the relevant time.  Mr. Mariscal was reported as a painter when working for JJ Interiors, and was identified as a carpenter when working for Norwood.  Therefore, the hours Mr. Mariscal worked on behalf of Norwood were included in the past due contributions found to be owed as a result of the second

3

audit, covering July, 2005 through December, 2007.  However, JJ/Norwood are disputing

liability for delinquent contributions for hours worked on behalf of Norwood, and have not paid

any of the delinquent contributions resulting from the second audit.

8.      On April 18, 2008, counsel for the Carpenters' Funds sent JJ/Norwood a copy of

the second audit report, along with a demand for payment in accordance with Paragraph 6 of the

parties' November 20, 2007 Settlement Agreement.  (Exhibit C)

9.      On April 22, 2008, JJ/Norwood responded to the demand by stating that

according to their interpretation, JJ/Norwood were liable only for delinquent contributions for

employees who preformed work on behalf of JJ Interiors and who were also on the payroll of

Norwood during the relevant time.  JJ/Norwood dispute that the November 20, 2007 Settlement

Agreement included liability for delinquent contributions for employees who performed work on

behalf of Norwood.  (Exhibit D)

10.     As a result of the dispute over the terms of the Settlement Agreement, on April

29, 2008, the Carpenters' Trust Funds filed a Motion to Enforce the Settlement Agreement.  That

same day, JJ/Norwood filed a Third-Party Complaint, alleging that the Carpenters' Trust Funds

are liable to the Painters' Trust Funds for delinquent contributions for hours worked by Able

Mariscal.  JJ/Norwood allege that they paid contributions on behalf of Abel Mariscal to the

Carpenters' Trust Funds as a result of the Fund's first audit and the Painters' Funds have filed

suit seeking delinquent contributions on behalf of Able Mariscal for the same time period.

(Third-Party Complaint, ¶¶ 7, 8).

11.     On May 5, 2008, the parties appeared before for Judge Denlow for hearing on the

Motion to Enforce the Settlement Agreement.  As a result of the May 5, 2008 hearing, Judge

Denlow ordered the parties to submit briefs and related documents in support of their

interpretation of Paragraph 6 of the Settlement Agreement, by May 19, 2008.  At the time the

parties appeared for hearing on the Motion to Enforce, the Carpenters' Trust Funds had not yet

been served with the Third-Party Complaint.  Interestingly, neither Walter J. Liszka nor Sean F.

Darke made any attempt to inform the Funds' counsel or Judge Denlow of the filing of the

Third-Party Complaint.  This information would have been appropriate to disclose to Judge

Denlow during the hearing on May 5th because the dispute over the terms of the Settlement

Agreement involve the same trust fund contributions that led to the Third-Party Complaint.

12.     The Third-Party Complaint filed by Walter J. Liszka and Sean F. Darke contains

allegations for which there is no evidentiary support and seeks relief that is not warranted by

existing law.  It is apparent that neither Mr. Liszka nor Mr. Darke performed the necessary

investigation into whether or not JJ/Norwood had paid contributions on behalf of Mr. Mariscal to

the Carpenters' Trust Funds and whether the law allows the relief they are seeking.

13.     Specifically, Paragraph 7 of the Third-Party Complaint states that the Painters'

Funds are attempting to collect past due contributions that were included in the audit first

conducted by Carpenters' Trust Funds.  The allegation made in Paragraph 7 clearly demonstrates

that neither Walter J. Liszka nor Sean F. Darke preformed the simple task of reviewing the first

audit to determine whether Mr. Mariscal's hours of work were included in the Carpenters Funds'

first audit.  Had either Mr. Liszka or Mr. Darke taken a few minutes to review the March, 2003

through June, 2005 audit report, they would have discovered that not a single hour worked by

Mr. Mariscal is included in the Carpenters Funds' first audit.  (Exhibits A and B).

14.     Further, it was disingenuous of Mr. Liszka and Mr. Darke to offer Exhibit 4 as

evidence that contributions on behalf of Mr. Mariscal were included in the audit first performed

by the Carpenters.  (Third Party Complaint, ¶ 7).  First, Exhibit 4 is taken from the Carpenters'

second audit, covering the period of July, 2005 to December, 2007. The audit period is clearly

stated at the top of Exhibit 4. Second, the delinquent contributions owed as a result of the

follow-up audit are being disputed by Mr. Liszka and Mr. Darke and the issue of the

interpretation and enforcement of the parties' Settlement Agreement is currently pending before

Judge Denlow. Mr. Liszka and Mr. Darke are well aware of the fact that JJ and Norwood have

not paid any past due contributions on behalf of Mr. Mariscal as a result of the Carpenters Funds'

second audit from which Exhibit 4 was taken.

16. Since JJ/Norwood have not paid any contributions to the Carpenters' Trust Funds

on behalf of Mr. Mariscal, they have no standing to assert a claim against the Carpenters Funds

for the repayment of such contributions, or to assert that the Carpenters Funds are liable to the

Painters' Funds for the delinquent contributions.

16. In addition to failing to verify whether contributions were paid to the Carpenters'

Trust Funds on behalf of Mr. Mariscal as a result of the settlement of the first audit, and falsely

asserting that Exhibit 4 is related to the first audit, Mr. Liszka and Mr. Darke failed to research

the applicable law. An employer who enters into collective bargaining agreements with two

separate unions having jurisdiction to perform the same work is liable for contributions to both

unions' trust funds under the terms of the agreements. *Trustees of the Glaziers Local Union No.

27, et al., v. Glas Masters Ltd.*, 99 Fed. Appx. 740, 741-742 (7th Cir. 2004). Even assuming,

*arguendo*, that JJ/Norwood had paid contributions to the Carpenters' Funds on behalf of Mr.

Mariscal, JJ/Norwood are still responsible for contributions owed to the Painters' Funds for the

same time period. Therefore, JJ/Norwood cannot evade the terms of its collective bargaining

agreement with the Carpenters Union by assigning work within the Carpenters Union's

jurisdiction to nonunion employees or members of a different union. *Trustees of the Glaziers Local Union No. 27, et al., v. Glas Masters Ltd.*, 99 Fed. Appx. at 741.

17.     The proximity in time between the Carpenters' demand for payment on the second audit and the filing of the Third-Party Complaint, coupled with the lack of evidentiary foundation for the Third-Party Complaint, suggests that it was filed in an effort to force the Carpenters' Funds to back away from their position regarding the interpretation of the Settlement Agreement.

18.     Accordingly, on May 21, 2008, counsel for Third-Party Defendants served Mr. Liszka and the law firm of Wessels & Pautsch with a letter and a copy of the instant motion, pursuant to the requirements of Rule 11 of the Federal Rules of Civil Procedure. (Exhibit E). The Rule 11 letter outlined the factual and legal flaws contained in the Third-Party Complaint and demanded that the claims against the Trustees of the Chicago Regional Council Pension Fund, et al., be withdrawn in twenty-one (21) days. Mr. Liszka and Mr. Darke, however, refused to withdraw their Third-Party Complaint.

## ARGUMENT

19.     Pursuant to Rule 11 of the Federal Rules of Civil Procedure, the presence of a signature on a pleading or a motion is a certificate that:

1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

3) the allegations and other factual contentions have evidentiary support, or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4) the denials of factual contentions are warranted on the evidence or, if

7

specifically so identified, are reasonably based on a lack of information
or belief.

Fed. R. Civ P. 11. Parties or attorneys who violate the rule are subject to sanctions such as "an

order to pay...the amount of the reasonable expenses incurred because of the filing...including a

reasonably attorney's fee." *Retired Chicago Police Assn. v. Firemen's Annuity and Benefit
Fund*, 145 F.3d 929, 933 (7th Cir. 1998). "Counsel may not drop papers into the hopper and

insist that the court or opposing counsel undertake bothersome factual and legal investigation."

*Retired Chicago Police Assn. v. Firemen's Annuity and Benefit Fund*, 145 F.3d at 934 (quoting

*Mars Steel Corp. v. Continental Bank*, 880 F.2d 928, 932 (7th Cir. 1989).

20.    A reasonable investigation in the case at bar should have included a review of the

first audit to determine whether the Carpenters' first audit included contributions for hours

worked by Abel Mariscal.  It is apparent that neither Mr. Liszka nor Mr. Darke performed this

simple task before filing the Third-Party Complaint and chose to ignore their mistake once it was

brought to their attention.  Instead they have proceeded with their Third-Party Complaint seeking

the return of contributions that have never been paid.

21.    Further, Mr. Liszka and Mr. Darke attached a portion of the second audit as

Exhibit 4 to the Third-Party Complaint, falsely asserting that it represents delinquent

contributions paid on behalf of Mr. Mariscal as a result of the first audit.  However, the date at

the top of Exhibit 4 clearly shows that it is from the second audit period.  Mr. Liszka and Mr.

Darke know that JJ/Norwood have not paid any past due contributions as a result of the second

audit because they are currently disputing the terms of the parties' Settlement Agreement related

to that audit.  The Carpenters' Trust Funds have filed a Motion to Enforce the Settlement

Agreement, which is currently pending before Judge Denlow.

22.  28 U.S.C. § 1927 provides that "any attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Dal Pozzo v. Basic Machinery Co. Inc., et al.* 463 F.3d 609 at 614 (7th Cir. 2006).  "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Dal Pozzo v. Basic Machinery Co. Inc., et al.* 463 F.3d at 614.

23.    Mr. Liszka and Mr. Darke's conduct clearly satisfies the standard for objective bad faith.  Even after it was brought to their attention that the first audit conducted by the Carpenters' Trust Funds did not include hours worked by Mr. Mariscal, they continued to allege that the Carpenters' Trust Funds were provided any and all past contributions owed on behalf of Mr. Mariscal.  (Third-Party Complaint ¶¶ 7, 8).

## CONCLUSION

24.    Sanctions against Third-Party Plaintiffs, Mr. Liszka, Mr. Darke and the law firm of Wessels & Pautsch are appropriate pursuant to Rule 11 and 28 U.S.C. § 1927 because: (1) Third-Party Plaintiffs have filed a completely frivolous and factually baseless Third-Party Complaint against the Trustees of the Carpenters Trust Funds; (2) Third-Party Plaintiffs seek relief against the Trustees of the Carpenters Trust Funds that is not warranted by any existing law; and (3) Third-Party Plaintiffs have presented evidence to this Court that, on its face, does not support the allegations made in the Third-Party Complaint.

WHEREFORE, Third-Party Defendants respectfully request that this Court enter sanctions against Third-Party Plaintiffs, Mr. Walter J. Liszka, Mr. Sean F. Darke and the law firm of Wessels & Pautsch, pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28

U.S.C. § 1927, and award Third-Party Defendants the reasonably attorneys' fees and costs they have incurred defending against Third-Party Plaintiffs' baseless claims and preparing this Motion. Further, that this Court award Third-Party Defendants other relief as may be appropriate under the circumstances.

Respectfully submitted,

By: /s/ Karen M. Rioux

One of the attorneys for Third-Party Defendants

Terrance B. McGann (6199967)
Raymond J. Sanguinetti (6244798)
Gregory N. Freerksen (0874612)
Karen M. Rioux (6279378)
Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago Illinois, 60601
(312) 251-9700 Fax (312) 251-9701

10

# EXHIBIT B

# WHITFIELD, McGANN & KETTERMAN

Attorneys at Law

# COPY

Collins P. Whitfield*
Terrance B. McGann
Travis J. Ketterman

Amy E. Paluch Epton
Gregory N. Freerksen
Karl E. Masters
Daniel P. McAnally
Guy Z. Prihar, Ph.D.
Karen M. Rioux
Raymond J. Sanguinetti
Leonard D. Saphire-Bernstein

*Also Licensed in Wisconsin
**Also Licensed in Pennsylvania
New Jersey

Of Counsel
Goldberg, Weisman & Cairo
Dianne M. Onichimowski**
Kenneth J. Cortesi
Mark A. Spadoro

SUITE 2600
111 EAST WACKER DRIVE
CHICAGO, ILLINOIS 60601
TELEPHONE (312) 251-9700
FACSIMILE (312) 251-9701

445

June 25, 2008

**Via Facsimile (312) 629-9301 & Hand Delivery**
Walter J. Liszka
Wessels & Pautsch, P.C.
Chicago Bar Association Building
321 South Plymouth Court, Suite 900
Chicago, IL 60604

Re:    Anderson, et al. v. JJ Interior Specialties, Inc., et al. v. Chicago Regional Council
       of Carpenters Pension Fund, et al.
       Case No. 08 C 1934

Dear Mr. Liszka:

        This letter is written pursuant to Rule 11 of the Federal Rules of Civil Procedure.
The purpose of this letter is to inform you that the Amended Third-Party Complaint filed
against the Chicago Regional Council of Carpenters Pension Fund, et al., has no factual
or legal basis.  If you do not voluntarily dismiss the Amended Third-Party Complaint
within twenty-one (21) days of your receipt of this letter, the Trustees of the Carpenters'
Trust Funds will file the attached Motion and seek all available sanctions against your
firm and JJ/Norwood.

        The Amended Third-Party Complaint fails to rectify the factual and legal
deficiencies raised in my first Safe Harbor Letter, and only serves to compound your
errors.  Specifically, the Amended Third-Party Complaint seeks the reimbursement of
trust fund contributions, made on behalf of Ralph Tamez and James Earnest, which were
part of the parties' Settlement Agreement related to the audit covering the period of
January 1, 2003 through June 31, 2005.  You should be aware that ERISA does not

provide a cause of action by which employers may seek to compel a refund of contributions. Although the Seventh Circuit has allowed employers, under a common law theory of restitution, to recover contributions made by mistake, the courts will not allow the recovery of contributions if the employer has retained a benefit from the payments they are seeking to recover. *UIU Severance Pay Trust Fund v. Local Union No. 18-U, United Steel Workers of America*, 998 F.2d 509, 512-513 (7th Cir. 1993); *see also, Operating Engineers Local 139, et al., v. Fustafson Construction Corp.*, 258 F.3d 645, 651 (7th Cir. 2001).

The contributions submitted to the Carpenters' Funds as a result of the settlement of the first audit were certainly not submitted by mistake. JJ/Norwood obtained the benefit of the Settlement Agreement and they are now seeking reimbursement for a portion of the contributions made as part of that Agreement. The law is quite clear that this is a situation where restitution is not allowed.

JJ/Norwood's Amended Third-Party Complaint cites to the deposition testimony of Ralph Tamez in support of its claim that they are entitled to the reimbursement of contributions made on behalf of Ralph Tamez and James Earnest because some of their hours included in the first audit were allegedly spent performing painting work. Once again however, the exhibit cited to in the Amended-Third Party Complaint does not support the allegation for which it is cited. Tamez testified that Joe Earnest, not James Earnest, performed some painting work. Further, the portion of the testimony cited to is silent regarding whether Tamez performed painting work. In any event, the issue of whether Tamez, Joe Earnest or James Earnest preformed work within the Painters Union's jurisdiction is irrelevant with respect to JJ/Norwood's obligations under the Collective Bargaining Agreement to submit contributions to the Carpenters' Trust Funds for all of the hours worked by its carpenter employees. Further, JJ/Norwood never raised this issue during the settlement conference where the parties spent hours discussing the findings of the first audit and negotiating the delinquent contributions that eventually formed the basis of the Settlement Agreement.

JJ/Norwood's claim for reimbursement for contributions owed on behalf of Abel Mariscal as a result of the second audit are obviously no longer an issue as a result of Judge Denlow's June 13, 2008 Order, and should be withdrawn.

Neither ERISA nor a common law theory of restitution provides a basis upon which JJ/Norwood's claims for relief can be granted. If you do not withdraw your Amended Third-Party Complaint before the end of the "safe-harbor" period, we will file the attached Motion for Sanctions against your firm and JJ/Norwood and seek any and all remedies available under Rule 11 and 28 U.S.C. § 1927.

Very truly yours,

Karen M. Rioux

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES E. ANDERSON, Trustee on behalf of PAINTER'S DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, PAINTER'S and, NORTHERN ILLINOIS PAINTERS, DECORATORS AND DRYWALL FINISHERS JOINT APPRENTICESHIP AND TRAINING FUND, et al., | ) ) ) ) ) ) ) ) | |
| | ) | Case No: 08 CV 1934 |
| Plaintiffs, | ) ) | Judge St. Eve |
| v. | ) ) | Magistrate Judge Denlow |
| JJ INTERIOR SPECIALTIES, INC. and NORWOOD COMMERCIAL CONTRACTORS, INC., | ) ) ) ) ) | |
| Defendants Third-Party Plaintiff | ) ) ) | |
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, and Their Trustees, et al., | ) ) ) ) | |
| Third-Party Defendant. | ) ) | |

## MOTION FOR SANCTIONS AGAINST THIRD-PARTY PLAINTIFFS, WALTER J. LISZKA, SEAN F. DARKE AND THE LAW FIRM OF WESSELS & PAUTSCH

Third-Party Defendants, Trustees of the Chicago Regional Council of Carpenters Pension

Fund, et al., by their attorneys and pursuant to Rule 11 of the Federal Rules of Civil Procedure

and 28 U.S.C. § 1927, respectfully move this Court to impose sanctions against Third-Party

Plaintiffs, Walter J. Liszka, Sean F. Darke and the law firm of Wessels & Pautsch for asserting

claims against the Trustees of the Chicago Regional Council of Carpenters Pension Fund, et al.,

without basis in law or fact and solely for the purpose of harassment. In support of this Motion,

Third-Party Defendants state as follows:

## INTRODUCTION

1.      On April 28, 2008, Trustees of the Painters District Council No. 30, filed suit against JJ Interior Specialties Inc. and Norwood Commercial Contractors ("JJ/Norwood") to collect delinquent employee benefit fund contributions.  On April 29, 2008, JJ/Norwood filed a Third-Party Complaint against the Trustees of the Chicago Regional Council of Carpenters Pension Fund, et al., ("Carpenters' Trust Funds") alleging that the delinquent contributions sought by the Painters on behalf of JJ/Norwood employee, Abel Mariscal, have already been paid to the Carpenters' Trust Funds.

2.      Based on the issues raised in the Carpenters' Motion to Dismiss the Third-Party Complaint, JJ/Norwood filed an Amended Third-Party Compliant.  The Amended Third-Party Compliant has failed to cure the deficiencies of the first complaint and makes additional claims for which there is no basis in fact or law.  The Amended Third-Party Complaint still seeks reimbursement of trust fund contributions on behalf of Abel Mariscal resulting from the Carpenters' second audit, and in addition, seeks the reimbursement of contributions that were paid as part of the settlement of the Carpenters' first audit of JJ/Norwood.

3.      As discussed in detail below, Mr. Liszka and Mr. Darke, the attorneys for JJ/Norwood failed to perform the necessary investigation before filing their Amended Third-Party Complaint. The Amended Third-Party Complaint is without basis in fact or warranted by existing law, and sanctions under Rule 11 and 28 U.S.C. § 1927 are appropriate against Mr. Liszka, Mr. Darke and the law firm of Wessels & Pautsch.

## BACKGROUND

4.      JJ Interiors is signatory to a collective bargaining agreement with the Chicago Regional Council of Carpenters that requires signatory contractors to make contributions to the

2

Trust Funds for each hour worked by its carpenter employees. On March 2, 2006, Trustees of the Chicago Regional Council of Carpenters, filed suit against JJ Interiors and Norwood Commercial Contractors, alleging that Norwood was the alter ego of JJ Interiors, and was therefore bound to the terms and provisions of the collective bargaining agreement between JJ Interiors and the Chicago Regional Council of Carpenters. (Case Number 06 C 1145).

5.      After filing suit and obtaining the books and records of Norwood Commercial Contractors, the Fund's auditors issued a report of preliminary findings for the time period of January, 2003 through June, 2005, detailing the delinquent contributions owed to the Carpenters' Trust Funds based on the hours worked by the employees of JJ/Norwood. (Exhibit A, Norwood Audit 1/03-6/05 & Exhibit B, JJ Audit, 1/03-6/05).

6.      On October 17, 2007, the parties participated in a settlement conference with Judge Denlow. As a result of the settlement conference, the parties reached an agreement regarding any and all alleged past due contributions for the hours worked by both JJ and Norwood employees. In addition to settling the amount of contributions owed as a result of the January, 2003 through June, 2005 audit, the parties agreed that there would be a second audit covering the period of July, 2005 through December, 2007.

7.      The settlement of the first audit included past due contributions based on the hours worked by Ralph Tamez, James Earnest and Joe Earnest. The hours worked by Ralph Tamez, James Earnest and Joe Earnest were included in the settlement of the first audit because those employees had, in the past, been reported to Carpenters' Trust Funds by JJ Interiors. The hours worked by Abel Mariscal were not included in the Carpenters' first audit covering the period of January, 2003 through June, 2005, and were not part of the delinquent contributions paid by JJ/Norwood pursuant to the Settlement Agreement. (Exhibits A & B)

3

8.    The second audit of JJ/Norwood, covering the period of July, 2005 through December, 2007 was completed on April 15, 2008. JJ/Norwood disputed the findings of the second audit. They argued that, according to the terms of the Settlement Agreement, they were only responsible for past due contributions based on the hours worked for JJ Interiors and not for the hours worked on behalf of Norwood.

9.    As a result of the dispute over the terms of the Settlement Agreement, on April 29, 2008, the Carpenters' Trust Funds filed a Motion to Enforce the Settlement Agreement. That same day, JJ/Norwood filed a Third-Party Complaint, alleging that the Carpenters' Trust Funds are liable to the Painters' Trust Funds for delinquent contributions for hours worked by Able Mariscal. The proximity in time between the Carpenters' Motion to Enforce and JJ/Norwood's Third-Party Complaint suggests that the Third-Party Complaint was filed in an effort to force the Carpenters to retreat from their attempt to collect over $500,000 in delinquent contributions found to be owed as a result of the second audit.

10.    On June 13, 2008, Judge Denlow denied the Carpenters' Motion to Enforce the Settlement Agreement. Judge Denlow ruled that the hours of work performed on behalf of Norwood were not part of the parties' Settlement Agreement. Therefore, JJ/Norwood are not liable for past due contributions owed on behalf of Able Mariscal as a result of the Carpenters' second audit. Further Mr. Mariscal's hours were not included in the settlement of the first audit. JJ/Norwood, however continue to make a claim for reimbursement of contributions which Judge Denlow ruled they do not owe. (Exhibit C, 6/13/08 Order)

11.    In addition to seeking the reimbursement of contributions that they may have owed as a result of the second audit, JJ/Norwood's Amended Third-Party Complaint alleges that contributions that were paid on behalf of Ralph Tamez and James Earnest as part of the

4

settlement of the Carpenters' first audit should be reimbursed because those employees allegedly performed some work outside of the occupational jurisdiction of the Carpenters Union. In support of this allegation, Mr. Liszka and Mr. Darke cite to the deposition testimony of Ralph Tamez. (Exhibit 5, Amended Third-Party Complaint). However, the portion of the transcript attached as Exhibit 5 shows that Tamez testified that Joe Earnest, not James Earnest, preformed some painting in addition to carpentry work. In addition, the portion of Tamez's transcript cited to is silent as to whether Tamez preformed any work outside the occupational jurisdictional of the Carpenters Union. The citation to Tamez's testimony demonstrates that neither Walter J. Liszka nor Sean F. Darke conducted a reasonable investigation into whether their allegations had any evidentiary support. Even if JJ/Norwood's carpenter employees had performed some painting work, the Collective Bargaining Agreement between JJ/Norwood and the Carpenters Union does not exclude contributions for hours worked performing non-bargaining unit work. Therefore, JJ/Norwood are responsible for contributions to the Carpenters' Trust Funds for each hour worked by their carpenter employees regardless of whether some of their time is spent performing work outside the occupational jurisdiction of the Carpenters Union. (Exhibit D, CBA, Articles XII, XIII and XIV).

12.     Even more egregious is the fact that Mr. Liszka and Mr. Darke have ignored the applicable case law which holds that ERISA does not establish a cause of action by which employers may seek to compel a refund of contributions. While the recovery of contributions mistakenly made can be attempted under a common law theory of restitution, the contributions made on behalf Ralph Tamez, James Earnest and Joe Earnest were made as part of the settlement of the Carpenters first audit, and were not paid by mistake. JJ/Norwood obtained the benefit of the compromise of the Settlement Agreement, i.e. no further litigation with respect to the first

audit. Now, after obtaining that benefit, JJ/Norwood seek to compel the reimbursement of contributions that were part of that settlement. The courts will not allow employers to recover contributions where, as in the case at bar, the payor has obtained a benefit that he intends to retain from the payment that he made and now seeks to take it back. *UIU Severance Pay Trust Fund v. Local Union No. 18-U, United Steel Workers of America*, 998 F.2d 509, 512-513 (7th Cir. 1993); *see also, Operating Engineers Local 139, et al., v. Gustafson Construction Corp.,* 258 F.3d 645, 651 (7th Cir. 2001).

13.    Accordingly, on June 25, 2008, counsel for Third-Party Defendants served Mr. Liszka and the law firm of Wessels & Pautsch with a letter and a copy of the instant motion, pursuant to the requirements of Rule 11 of the Federal Rules of Civil Procedure. (Exhibit E). The Rule 11 letter outlined the factual and legal flaws contained in the Amended Third-Party Complaint and demanded that the claims against the Trustees of the Chicago Regional Council Pension Fund, et al., be withdrawn in twenty-one (21) days. Mr. Liszka and Mr. Darke, however, refused to withdraw their Third-Party Complaint.

## ARGUMENT

14.    Pursuant to Rule 11 of the Federal Rules of Civil Procedure, the presence of a signature on a pleading or a motion is a certificate that:

> 1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> 2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> 3) the allegations and other factual contentions have evidentiary support, or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> 4) the denials of factual contentions are warranted on the evidence or, if

6

specifically so identified, are reasonably based on a lack of information
or belief.

Fed. R. Civ P. 11. Parties or attorneys who violate the rule are subject to sanctions such as "an

order to pay...the amount of the reasonable expenses incurred because of the filing...including a

reasonably attorney's fee." *Retired Chicago Police Assn. v. Firemen's Annuity and Benefit

Fund*, 145 F.3d 929, 933 (7th Cir. 1998). "Counsel may not drop papers into the hopper and

insist that the court or opposing counsel undertake bothersome factual and legal investigation."

*Retired Chicago Police Assn. v. Firemen's Annuity and Benefit Fund*, 145 F.3d at 934 (quoting

*Mars Steel Corp. v. Continental Bank*, 880 F.2d 928, 932 (7th Cir. 1989).

15.     A reasonable investigation in the case at bar should have included a review of the

applicable case law as well as a review of the evidence cited in the Amended Third-Party

Complaint. It is apparent that neither Mr. Liszka nor Mr. Darke performed this simple task

before filing the Amend Third-Party Complaint and chose to ignore their errors once they were

brought to their attention.

16.     28 U.S.C. § 1927 provides that "any attorney...who so multiplies the proceedings

in any case unreasonably and vexatiously may be required by the court to satisfy personally the

excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Dal

Pozzo v. Basic Machinery Co. Inc., et al.* 463 F.3d 609 at 614 (7th Cir. 2006). "If a lawyer

pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to

be unsound, the conduct is objectively unreasonable and vexatious." *Dal Pozzo v. Basic

Machinery Co. Inc., et al.* 463 F.3d at 614.

17.     Mr. Liszka and Mr. Darke's conduct clearly satisfies the standard for objective

bad faith. Even after it was brought to their attention that the law does not allow the relief they

are seeking and the evidence cited does not support their allegations, they continued to maintain

7

their action for the reimbursement of fringe benefit contributions that were paid pursuant to the parties' Settlement Agreement.

## CONCLUSION

18.　　Sanctions against Third-Party Plaintiffs, Mr. Liszka, Mr. Darke and the law firm of Wessels & Pautsch are appropriate pursuant to Rule 11 and 28 U.S.C. § 1927 because: (1) Third-Party Plaintiffs have filed a completely frivolous and factually baseless Third-Party Complaint against the Trustees of the Carpenters Trust Funds; (2) Third-Party Plaintiffs seek relief against the Trustees of the Carpenters Trust Funds that is not warranted by any existing law; and (3) Third-Party Plaintiffs have presented evidence to this Court that, on its face, does not support the allegations made in the Third-Party Complaint.

WHEREFORE, Third-Party Defendants respectfully request that this Court enter sanctions against Third-Party Plaintiffs, Mr. Walter J. Liszka, Mr. Sean F. Darke and the law firm of Wessels & Pautsch, pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927, and award Third-Party Defendants the reasonably attorneys' fees and costs they have incurred defending against Third-Party Plaintiffs' baseless claims and preparing this Motion. Further, that this Court award Third-Party Defendants other relief as may be appropriate under the circumstances.

Respectfully submitted,


By: /s/ Karen M. Rioux　　　　　　
　　 One of the attorneys for Third-Party
　　 Defendants

8

Terrance B. McGann (6199967)
Raymond J. Sanguinetti (6244798)
Gregory N. Freerksen (0874612)
Karen M. Rioux (6279378)
Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago Illinois, 60601
(312) 251-9700 Fax (312) 251-9701

9

```
                        ********************
                        ***   TX REPORT   ***
                        ********************


      TRANSMISSION OK

      TX/RX NO            0380
      CONNECTION TEL                        6299301
      CONNECTION ID       WESSELS&PAUTSCH
      ST. TIME            06/25 13:14
      USAGE T             02'52
      PGS. SENT           13
      RESULT              OK
```

# Whitfield McGann & Ketterman

Attorneys at Law
111 East Wacker Drive
Suite 2600
Chicago, Illinois 60601

---

Phone (312) 251-9700                    Fax (312) 251-9701

## FACSIMILE TRANSMITTAL COVER SHEET

**To:  Walter Liszka**

**From:  Karen M. Rioux**

**Date:  June 25, 2008**

**Fax Numbers:  (312) 461-0595**

**Number of Pages (including cover):  13**

**RE:  Case No. 08 C 1934**

# EXHIBIT C

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1934 | **DATE** | 8/7/2008 |
| **CASE TITLE** | Anderson et al. Vs. JJ Interior Specialties, Inc. Et al. | | |

**DOCKET ENTRY TEXT**

Third-party defendants' Rule 12(b)(6) motion to dismiss [35] is granted.

■[ For further details see text below.]                                    Notices mailed by Judicial staff.

---

### STATEMENT

Before the Court is Third-Party Defendant Chicago Regional Council of Carpenters Pension Fund's ("the Carpenters' Fund") motion to dismiss Third-Party Plaintiffs JJ Interior Specialities, Inc.'s ("JJ Interior") and Norwood Commercial Contractors, Inc.'s ("Norwood") Third-Party Complaint. For the reasons below, the Court grants the Carpenters' Fund's motion without prejudice.

### BACKGROUND

JJ Interior and Norwood (collectively "JJ/Norwood") are signatories to separate collective bargaining agreements with the Carpenter's Fund and the Painter's District Council Number 30 Health and Welfare Fund ("the Painters' Fund"). (R. 40-1, at 4.) Both of these agreements require JJ/Norwood to make certain contributions to funds managed by the Carpenters' Fund and the Painters' Fund based on the amount of carpentry and painting hours, respectively, worked by their employees.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## I.    The Prior Lawsuit

In a prior lawsuit brought by the Carpenters' Fund against JJ/Norwood, the Carpenters' Fund alleged that it was owed past due contributions by JJ/Norwood under its collective bargaining agreement. (R. 34-1, at ¶ 2; R. 35-1, Ex. A.) That lawsuit was resolved by Magistrate Judge Denlow in a settlement conference, which resulted in a settlement agreement between the parties. (R. 34-1, at ¶ 5.) Specifically, the settlement agreement resolved "any and all alleged past due contributions for the hours worked by both Norwood and JJ Interior employees." (*Id.*) As part of the settlement agreement, JJ/Norwood agreed to pay a certain amount of contribution fees to the Carpenters' Fund. (R. 40-1 at 4.) These fees were based in part on an audit conducted by the Carpenters' Fund, which revealed that a number of JJ/Norwood's employees were performing carpentry work. (*Id.*) Neither party has provided the Court with a copy of the settlement agreement.

## II.    The Present Lawsuit

In this lawsuit, the Painters' Fund sued JJ/Norwood to collect past due contributions under the collective bargaining agreement between those parties. (R. 34-1, at ¶ 6.) JJ/Norwood then filed a Third-Party Complaint against the Carpenters' Fund, alleging that the Carpenters' Fund should be responsible for the debts claimed to be owed by JJ/Norwood to the Painters' Fund. It appears that JJ/Norwood is now claiming that it improperly paid contributions to the Carpenters' Fund, pursuant to the settlement agreement, because the companies' employees might actually have been performing painting work – not carpentry work. Although the legal theory is far from clear, JJ/Norwood appears to be alleging that the Carpenters' Fund is directly liable to the Painters' Fund for the mistaken payment. (R. 34-1, at ¶ 10 ("Third-Party Plaintiffs request that if found liable the Third-Party Defendant may be responsible for a portion or the entire amount, if this court enter any judgment [in] Plaintiffs favor.").)


## ANALYSIS

## I.    12(b)(6) Standard

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint." *Christensen v. County of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which is rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 506, 122 S. Ct. 992, 152 L.Ed. 2d 1 (2002) (quotation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007). Put differently, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 S.Ct. at 1974; *see also Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008) (amount of factual allegations required to state a plausible claim for relief depends on complexity of legal theory). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S.Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

## II.    JJ/Norwood's Allegations

JJ/Norwood's Third-Party Complaint is woefully vague in describing the legal theory for which it seeks to hold the Carpenters' Fund liable. While it is true that a complaint need not state the proper legal theory, *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir.1992), it must state *some* plausible claim. In

its motion to dismiss, the Carpenters' Fund argues that "there is no basis in fact or law upon which relief" could be granted to JJ/Norwood in this action. The Court ultimately agrees with the Carpenters' Fund, but first addresses several potential – albeit ultimately unsuccessful – claims that JJ/Norwood might have attempted to allege.

First, JJ/Norwood appears to argue that under a theory of equitable restitution, the Carpenters' Fund should not be permitted to retain any funds to which it was not actually entitled. Courts have recognized a general theory of restitution in ERISA cases where an employer overpays a fund. *See, e.g.*, *Operating Engineers Local 139 Health Benefit Fund v. Gustafson Const. Corp.*, 258 F.3d 645, 651 (7th Cir. 2001). Here, however, JJ/Norwood claims that the Carpenters' Fund owes money to the Painters' Fund – a purported theory that JJ/Norwood has failed to support with legal authority. In addition, JJ/Norwood entered into a binding settlement agreement with the Carpenters' Fund dispensing of "all issues and controversies" between the parties in exchange for not having to litigate these issues any further. It would be inequitable to allow JJ/Norwood to take back their consideration while allowing them to retain their benefit. *See id.* ("If restitution would be inequitable, as where the payor obtained a benefit that he intends to retain from the payment that he made and now seeks to take back, it is refused."). The Court cannot discern a plausible legal theory for restitution where, as alleged here, JJ/Norwood received a benefit in exchange for what it now seeks to take back.

It may be that JJ/Norwood believes some reason exists whereby the Court should not enforce the settlement agreement. Under Illinois law, however, absent mistake or fraud, a settlement is presumed to be valid and conclusive on the parties thereto as to all matters included therein.[1] *See Cameron v. Bogusz*, 305 Ill.App.3d 267, 272 (Ill. App. Ct. 1999). But JJ/Norwood made no allegations which could plausibly invoke theories of fraud, misrepresentation, or concealment to invalidate the settlement agreement. It is also true that in some circumstances an agreement may be avoided if both parties are harboring under a mutual mistake of fact. *See id.* ("In the event of a mutual mistake of fact as to a material matter affecting the substance of the transaction an agreement may be rescinded."). But here, Plaintiff has alleged no facts which make a theory of mutual mistake plausible. Moreover, a unilateral mistake does not void a settlement agreement. *Zilberstein v. Kendall College*, 07-1932, 2008 U.S. App. LEXIS 14442, at *4 (7th Cir. July 7, 2008) (citing *Stover v. Mitchell*, 45 Ill. 213, 215-16 (1867) and *Kim v. Alvey, Inc.*, 322 Ill. App. 3d 657, 749 N.E.2d 368, 378, 255 Ill. Dec. 267 (Ill. App. Ct. 2001)).

Or it could be that JJ/Norwood believes that the Carpenters' Fund owes the Painters' Fund some independent duty. While JJ/Norwood does allege that if its employees were performing painting work and not carpentry work, "any and all contributions paid by [JJ/Norwood] to the [Carpenters' Fund] on behalf of those individuals . . . should be reimbursed by the [Carpenters' Fund] to the [Painters' Fund]," JJ/Norwood has failed to allege a plausible claim that the Carpenters' Fund owes a duty (of any sort) to the Painters' Fund. The Court cannot plausibly speculate the existence of facts suggesting that the Carpenters' Fund owes a duty of indemnification, or some other independent legal or equitable obligation, to compensate the Painters' Fund for moneys owed by JJ/Norwood.

## CONCLUSION

JJ/Norwood has failed to allege any basis upon which the Court could conceivably hold the Carpenters' Fund liable. As such, dismisses JJ/Norwood's claim, without prejudice.

---

[1] "Issues regarding the formation, construction, and enforceability of a settlement agreement are governed by local contract law." *Pohl v. United Airlines, Inc.*, 213 F.3d 336, 338 (7th Cir. 2000). Although the Court does not definitively rule on the choice of law issue, it appears that Illinois law governs the formation of the settlement agreement.

# EXHIBIT D

| Date | Task | Time | Attorney | Rate | Slip Total |
|------|------|------|----------|------|-----------|
| 5/5/2008 | Reviewd Third-Party Complaint. Conference with Karen Rioux | 0.75 | TBM | $220.00 | $ 165.00 |
| 5/5/2008 | Examine and Review Third-Party Complaint. Research regarding employers signatory to agreements with overlapping occupational jurisdiction. | 2.5 | KMR | $165.00 | $ 412.50 |
| 5/6/2008 | Continue research regarding regarding employers signatory to agreements with overlapping occupational jurisdiction and whether they are responsble for contributions to both funds. | 3.00 | KMR | $165.00 | $495.00 |
| 5/6/2008 | LEXIS - Computer Research Fees | 1.5 | CPW | $130.00 | $ 195.00 |
| 5/7/2008 | Discussion of Rule 11 procedures and strategey with Karen Rioux | 0.35 | AEPE | $175.00 | $ 61.25 |
| 5/8/200/ | Conference with Karen Rioux regarding issues raised in the Third-Party Complaint. | 0.25 | TBM | $220.00 | $ 55.00 |
| 5/15/2008 | Research and analysis of case law reagarding sanctions under Rule 11 and 28 U.S.C. 1927. Examine and review audit to determine if Able Mariscal's hours were included in the first audit. Examine and review exhibits attached to Third-Party Complaint | 3.5 | KMR | $165.00 | $ 577.50 |
| 5/16/2008 | Prepare rough draft of Rule 11 Motion. | 3.5 | KMR | $165.00 | $ 577.50 |
| 5/19/2008 | Complete Rule 11 Motion and Safe Harbor Letter. Conference with TBM regarding same. | 4.25 | KMR | $165.00 | $ 701.25 |
| 5/23/2008 | Examine and review draft of Motion to Dismiss. Conference with KMR to discuss motion. | 0.5 | TBM | $220.00 | $ 110.00 |
| 5/23/2008 | Draft Motion to Dismiss. Revise Motion based upon suggestions from TBM. Prepare same for electronic filing. | 3.5 | KMR | $165.00 | $ 577.50 |
| 6/2/2008 | Several telephone call to Judge St. Eve's clerk regarding the scheduling of the Motion to Dismiss. | 0.5 | KMR | $165.00 | $ 82.50 |
| 6/4/2008 | Prepare for hearing on Motion to Dismiss. Telephone Conference with opposing council regarding possible ammendments to their complaint. Examine and review deposition transcript of Ralph Tamez and the results of both audits. | 3.25 | KMR | $165.00 | $ 536.25 |
| 6/13/2008 | Examine and review Amended Third-Party Complaint | 0.4 | TBM | $220.00 | $ 88.00 |
| 6/13/2008 | Research and analysis of case law regarding breach and anticipatory breach of settlement agreements. | 3 | KMR | $165.00 | $ 495.00 |
| 6/13/2008 | Prepare draft outline of Motion to Dismiss Amended Third-Party Complaint. | 2 | KMR | $165.00 | $ 330.00 |
| 6/13/2008 | Examine and review Amended Third-Party Complaint. Conference with Terry McGann regarding same. | 2.5 | KMR | $165.00 | $412.00 |
| 6/18/2008 | Continue to draft Motion to Dismiss Amended Third-Party Complaint. | 3 | KMR | $165.00 | $ 495.00 |
| 6/19/2008 | Prepare final draft of Motion to Dismiss Amended Third-Party Complaint. Prepare exhibits and motion for filing. | 2 | KMR | $165.00 | $ 330.00 |
| 6/22/2008 | Research and analysis of case law regarding reimbursement of ERISA contributions under a common law theory of restitution. | 3.5 | KMR | $165.00 | $ 577.50 |
| 6/22/2008 | LEXIS - Computer Research Fees | 1.5 | CPW | $130.00 | $ 195.00 |
| 6/23/2008 | Draft Rule 11 Motion for Sanctions for Amended Third-Party Complaint. | 3.5 | KMR | $165.00 | $ 577.50 |
| 6/24/2008 | Revise Rule 11 Motion and Safe Harbor Letter relative to the Amended Third-Party Complaint. | 2 | KMR | $165.00 | $ 330.00 |

| Date | Description | Hours | Timekeeper | Rate | Amount |
|---|---|---|---|---|---|
| 7/10/2008 | Examine and review JJ/Norwood's response to the Fund's Motion to Dismiss.  Research regarding the standard for 12(b)(6) motions. | 3 | KMR | $165.00 | $ 495.00 |
| 7/22/2008 | Research regarding reimbursement of ERISA contributions | 3 | KMR | $165.00 | $495.00 |
| 7/22/2008 | LEXIS - Computer Research Fees | 2 | CPW | $130.00 | $260.00 |
| 7/23/2008 | Research and analysis of case law regarding unjust enrichment  and restitution. | 3 | KMR | $165.00 | $ 495.00 |
| 7/23/2008 | Draft outline of Reply in Support of Motion to Dismiss. | 2 | KMR | $165.00 | $ 330.00 |
| 7/24/2008 | Examine, review and edit Reply Brief.  Prepare same for electronic filing. | 3 | KMR | $165.00 | $495.00 |
| 8/4/2006 | Draft Motion for Extension of Time to Reinstate.  Prepare same for electronic filing. | 1.75 | KMR | $165.00 | $ 288.75 |
| 8/6/2008 | Appearance before Judge Denlow for argument on Motion to Reinstate. | 1.5 | KMR | $165.00 | $247.50 |

Total             $   11,482.50